1  Mara D. Curtis (SBN 268869)
   mcurtis@reedsmith.com
2  Rafael N. Tumanyan (SBN 295402)
   rtumanyan@reedsmith.com
3  Brittany M. Hernandez (SBN 299044)
   bmhernandez@reedsmith.com
4  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
5  Los Angeles, CA  90071-1514
   Telephone: +1 213 457 8000
6  Facsimile: +1 213 457 8080

7  Attorneys for Defendants MOTTS LLP,
   KEURIG DR PEPPER INC. and
8  DR PEPPER/SEVEN UP INC

9

10            **UNITED STATES DISTRICT COURT**

11        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

12

13  JOHN TRUJILLO, individually and on        Case No. 2:22-cv-05103
    behalf of all others similarly situated;
14                                             [Superior Court of California, Los
            Plaintiffs,                        Angeles Case No. 22STCV16589]
15
       vs.
16                                             **DEFENDANTS MOTTS LLP,**
    MOTTS LLP, a Delaware limited liability    **KEURIG DR PEPPER INC., AND**
17  company; KEURIG DR PEPPER INC., a          **DR PEPPER/SEVEN UP INC.'S**
    Delaware Corporation; DR PEPPER/SEVEN      **NOTICE OF REMOVAL OF CIVIL**
18  UP INC., a Delaware corporation; and DOES  **ACTION TO FEDERAL COURT**
    1 To 50;                                   **PURSUANT TO 28 U.S.C. 1332,**
19                                             **1367, 1441, AND 1446**
            Defendants,
20
21                                             Complaint Filed:  May 19, 2021
                                               Trial Date:       None
22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF JOHN TRUJILLO AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Motts LLP ("Motts"), Keurig Dr Pepper Inc. ("KDP"), and Dr Pepper/Seven Up Inc. ("DPSU") (hereinafter collectively referred to as "Defendants") hereby remove this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Southern District of California.  Defendants remove this action pursuant to 28 U.S.C. §§ 1332(d) (the Class Action Fairness Act of 2005), 1441, and 1446 on the following grounds:

## STATEMENT OF JURISDICTION

1.    This Court has jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), which amended 28 U.S.C. § 1332 to provide that a putative class action is removable to federal court if the proposed class consists of at least 100; the amount in controversy exceeds $5,000,000, exclusive of interest and costs; and one member of the proposed class is a citizen of a state different from any defendant.  *See* 28 U.S.C. § 1332(d).  The Act authorizes removal of such actions pursuant to 28 U.S.C. § 1446.  As demonstrated below, this action meets all of CAFA's removal requirements and is timely and properly removed by the filing of this Notice.

## PLEADINGS, PROCESS AND ORDERS

2.    On or about May 19, 2022, Plaintiff John Trujillo ("Plaintiff") filed a Complaint in the Superior Court of the State of California in and for the County of Los Angeles, entitled *John Trujillo, individually and on behalf of all others similarly situated v. Motts LLP, a Delaware limited liability company;  Keurig Dr Pepper Inc., a Delaware Corporation; Dr Pepper/Seven Up Inc., a Delaware corporation, and Does 1 to 50,* Case No. 22STCV16589 (hereinafter the "Complaint" in the "State Court Action").

3.    The Complaint is a purported class action alleging the following causes of action: (1) Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*); (2) failure to pay

minimum wages (Lab. Code §§ 1194, 1194.2, 1197, 1197.1); (3) failure to pay overtime compensation (Lab. Code §§ 510, 1194, 1194 *et seq*.); (4) failure to provide accurate itemized wage statements (Lab Code §§ 226); (5) failure to pay timely wages (Lab. Code §§ 204 and 210); and (6) Private Attorneys General Act (Lab. Code 2698 *et seq.*).[1]

4.     A copy of the Summons and Complaint was served at C T Corporation System, on each of Defendants' California registered corporate agent for service of process, on June 24, 2022.  Declaration of Janet Barrett ("Barrett Decl.") ¶ 3; Proof of Service, attached hereto as Exhibits 1, 2 and 3.  True and correct copies of the Summons and Complaint are attached hereto, collectively, as Exhibit 4 and incorporated herein by reference as if set forth in full.

5.     Defendants KDP and DPSU filed an Answer to Plaintiff's Complaint on July 21, 2022 and a First Amended Answer on July 22, 2022.  Defendant Motts filed an Answer to Plaintiff's Complaint on July 22, 2022.   True and correct copies of Defendants' Answers are attached hereto as Exhibits 5, 6, and 7 and incorporated herein by reference as if set forth in full.

6.     To Defendants' knowledge, as of the date of this Notice of Removal, no other parties have been named and Motts has not been served with a copy of the Summons and Complaint.   Does 1-50 are presently unnamed and unknown and, therefore, have not been served with the Complaint. Complaint ("Compl."), ¶ 3.

7.     An Initial Status Conference in the State Court Action is scheduled for September 26, 2022.  There are no additional hearings or other proceedings in the State Court Action, and Defendants have not received or filed any papers or pleadings in the State Court Action other than those attached hereto as Exhibits 1-7.

---

[1] Plaintiff also alleges a seventh cause of action and eighth cause of action as an individual claim for failure to provide employment records under Lab. Code §§ 226(b) and 1198.5.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

8.     Section 4 of CAFA sets forth the general rule that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which …any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

9.     Section 4 of CAFA further states that the jurisdictional rule set forth in 28 U.S.C. § 1332(d)(2) applies only to class action in which the number of members of all proposed plaintiff classes, in the aggregate, is 100 or more.  28 U.S.C. § 1332(d)(5).

10.     This Court has jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), and this action may be removed by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a), because the proposed plaintiff class consists of at least 100 members, the total amount in controversy exceeds $5,000,000, and there is diversity between at least one proposed class member and one defendant.

11.     Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 84(b), 1441, and 1446(a).  The State Court Action was originally brought in the Los Angeles County Superior Court, which is located within the Central District of California.  Venue is proper with this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

12.     Defendants are the only defendants that have been named and served in this matter.  Therefore, all defendants that have been named and served join in the removal.

13.     Plaintiff brought this action "on behalf of himself and all others similarly situated, providing non-exempt services for Defendants in California," as a class action pursuant to California Code of Civil Procedure § 382, a state statute authorizing an action to be brought by one or more representative persons as a class action.  Compl., ¶¶ 13-14.  Plaintiff seeks to represent "[a]ll of Defendants' hourly employees in

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  California during the period from four years prior to the filing of this lawsuit to present"

2  (the "Putative Class Members"). *Id.*, ¶ 13.

**The Purported Class Contains At Least 100 Members**

3

4  14.     In the Complaint, Plaintiff alleges that the Putative Class Members "are so

5  numerous that joinder of all members…is impracticable" and "[t]he number of Class

6  Members is great…" Compl., ¶ 17.

7  15.     Plaintiff was employed by Motts, whose ultimate parent is KDP.

8  Declaration of Karina De La Cruz ("De La Cruz Decl."), ¶ 3; Barrett Decl., ¶ 6.  The

9  aggregate number of hourly non-exempt employees employed by Motts between May

10  19, 2018 and July 8, 2022 is at least 517.  De La Cruz Decl., ¶ 3a.  Therefore, there are

11  over 100 Putative Class Members.

**There Is Diversity Of Citizenship Between**

12

**At Least One Proposed Class Member And One Defendant**

13

14  16.     CAFA's minimal diversity requirement is satisfied when "any member of

15  a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C §§

16  1332(d)(2)(A); 1453(b).  Complete diversity of citizenship exists here because Plaintiff

17  and Defendants are citizens of different states, since Plaintiff is a citizen of California,

18  while DPSU is a citizen of Delaware and Texas, KDP is a citizen of Delaware, Texas,

19  and Massachusetts, and Motts is a citizen of Delaware and Texas. Barrett Decl., ¶¶ 4-5

20  and 7-12.  Indeed, Plaintiff arguably concedes that there is complete diversity in this

21  action.  Compl., ¶¶ 1-2.

22  17.     **Plaintiff's Citizenship.**  For diversity purposes, a person is a "citizen" of

23  the state in which they are domiciled.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d

24  1088 (9th Cir. 1983).  A person's domicile is the place he or she resides with the

25  intention to remain, or to which he or she intends to return.  *See Kanter v. Warner-*

26  *Lambert Clew & Moss*, 797 F.2d 747, 749-750 (9th Cir. 1986).

27  18.     According to the Complaint, at the time this action was commenced and at

28  the time of removal, Plaintiff was a resident of California and worked for Defendants

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

in Victorville, California.  Compl., ¶ 1.  The allegations by Plaintiff establish that he is a citizen of the State of California.  *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *see also Smith v. Simmons*, No. 1:05-CV-01187-022-GS, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (alleged place of residence provides "prima facie" proof of domicile).  Accordingly, Plaintiff is a citizen of the State of California for purposes of removal.

19.    **Defendants' Citizenship.**[2]  For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state where it has a principal place of business.  28 U.S.C. § 1332 (c)(1).  In *Hertz Corp. v. Friend*, the United States Supreme Court held that the "nerve center" test is used to determine a corporation's "principal place of business."  *Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1192 (2010).  To this end, the Court reasoned that a corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the cooperation's activities."  *Id.*

20.    KDP is now, and was at the time this action commenced, a citizen of the

---

[2] CAFA's "home state" exception does not apply to this case.  The home state exception requires: (1) two-thirds or more of the members of the proposed class in aggregate to be citizens of the state in which the action is filed; and (2) all the "primary defendants" to be citizens of the state in which the action is filed.  28 U.S.C. § 1332(d)(4)(B); *Harrington v. Mattel, Inc.*, 2007 WL 4556920, *5 (N.D. Cal. Cal. Dec. 20, 2007).  Here, Defendants are not citizens of California and thus the "home state" exception does not apply.  Similarly, CAFA's "local controversy" exception is not applicable because none of the Defendants are citizens of California and thus all requirements per 28 U.S.C. § 1332(d)(4) cannot be met.  Therefore, 28 U.S.C. § 1332(d)(5)(A) is also not applicable.

states of Delaware, Texas and Massachusetts.  Barrett Decl., ¶ 4-5.  KDP is a corporation organized and existing under the laws of Delaware with its headquarters and principal places of business in Texas and Massachusetts.  *Id*.  KDP's principal place of business is indisputably Texas and/or Massachusetts based upon the following factors:[3] (1) this is where its officers direct, control and coordinate the company's business activities on a day-to-day basis; (2) the day-to-day management of KDP's business is conducted in Massachusetts and Texas; (3) certain corporate-wide functions, such as legal, finance, accounting, marketing, and human resources, are directed and coordinated out of Massachusetts and Texas; and (4) the company's corporate and financial records are maintained in Massachusetts and Texas.  *Id*. at ¶ 5.

21.    DPSU is now, and was at the time this action was commenced, a citizen of the states of Delaware and Texas.  Barrett Decl., ¶ 11-12.  DPSU is a corporation organized and existing under the laws of Delaware with its headquarters and principal place of business in Texas.  *Id*.  DPSU's principal place of business is indisputably Texas based upon the following factors: (1) it is where its officers direct, control and coordinate the company's business activities on a day-to-day basis; (2) the day-to-day management of DPSU's business is conducted in Texas; (3) certain corporate-wide functions, such as legal, finance, accounting, marketing, and human resources, are directed and coordinated out of Texas; and (4) the company's corporate and financial records are maintained in Texas.  *Id*. at ¶ 12.

22.    Motts is a citizen of the states of Delaware and Texas.  Barrett Decl., ¶¶ 7-10.  The citizenship of a partnership is based on the citizenship of each member of the partnership.  *Carden v. Arkoma Assocs*., 494 U.S. 185, 195 (1990).  Motts has two partners, Nantucket Allserve LLC and Snapple Beverage Corp.  Barrett Decl., ¶ 7.  The

---

[3] These factors have previously been considered by courts in determining a corporation's "nerve center."  *See, e.g., Inger v. Del E. Webb Corp*., 233 F. Supp. 713, 716 (N.D. Cal. 1964); *see also, State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   citizenship of a limited liability company is determined by examining the citizenship of

2   each member of the company.   *D.B. Swirn Special Opportunities Fund, L.P. v.*

3   *Mehrotra*, 661 F.3d 124, 125-126.   Nantucket Allserve LLC's sole member is Snapple

4   Beverage Corp.   Barrett Decl., ¶ 8.   Snapple Beverage Corp. is a citizen of the states

5   of Delaware and Texas.   It was incorporated in Delaware and its principal place of

6   business is in Texas.   *Id.* at ¶¶ 9-10.

7       23.   **Doe Defendants.**   Plaintiff has also named as Defendants Does 1 through

8   50.   For purposes of removal based on diversity, "the citizenship of Defendants sued

9   under fictitious names shall be disregarded."   28 U.S.C. § 1441(b);   *see Fristoe v.*

10   *Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed Defendants are

11   not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311

12   F.3d 966, 971 (9th Cir. 2002) (same).   The existence of the alleged Doe Defendants thus

13   does not impact this Court's removal jurisdiction.   *Albrego v. Dow Chemical Co.*, 443

14   F.3d 676, 679-80 (9th Cir. 2006) (rule applied to CAFA removal).

15           **Alleged Amount In Controversy Exceeds $5,000,000**

16       24.   Under CAFA, the articulated claims of all class members are aggregated

17   to determine if the amount in controversy exceeds $5,000,000.   28 U.S.C. § 1332(d)(6).

18   Significantly, Congress intended federal jurisdiction to exist under CAFA "if the value

19   of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff

20   or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*,

21   damages, injunctive relief, or declaratory relief)."   Staff of S. Comm. on the Judiciary,

22   109th Cong., *Rep. on The Class Action Fairness Act of 2005*, 42 (Comm. Print 2005).

23   The Senate Judiciary Committee's Report on the final version of CAFA also makes

24   clear that any doubts regarding the maintenance of interstate class actions in state or

25   federal court should be resolved in favor of federal jurisdiction.   *Id.* at 43 ("Overall, new

26   section 1332(d) is intended to expand substantially federal court jurisdiction over class

27   actions.   Its provisions should be read broadly, with a strong preference that interstate

28   class actions should be heard in a federal court if properly removed by any defendant.").

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

25.     When determining the amount that a plaintiff has placed in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal citations and alterations omitted).  A district court may consider the allegations of the complaint and the contents of the removal petition and any supporting evidence in determining whether the jurisdictional amount has been established.  *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

26.     Defendants deny Plaintiff's allegations of misconduct and intend to defend themselves vigorously against all of Plaintiff's causes of action.  Nevertheless, and without admitting that Plaintiff and/or any member of the putative class can recover any damages, when one considers the number of alleged Putative Class Members, the number of alleged violations of California law, the statute of limitations period embraced by the claims, and the class definition alleged in the State Court Action, the aggregate amount in controversy presented by the case exceeds $5,000,000 for purposes of removal based on the following:

27.     For purposes of determining the aggregate amount in controversy[4] for this motion, the putative class includes 517 Putative Class Members working for Motts in California between May 19, 2018 and July 8, 2022.  De La Cruz Decl., ¶ 3a.

28.     The below calculations are conservatively based on the lowest applicable minimum wage in California during the relevant time period from May 19, 2018

---

[4] The United States Supreme Court has held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by 1446(c)(2) (B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014).  Although they were not required to do so, Defendants have established that the amount in controversy by referencing Plaintiff's allegations and/or by setting forth information in the notice of removal that demonstrate that the amount in controversy is more likely than not to exceed the jurisdictional minimum.

through present, of $11.00.[5]  In addition, the Putative Class Members were employed during approximately 56,877 workweeks between May 19, 2018 and July 22, 2022. De La Cruz Decl., ¶ 3d.

29.  **Unpaid Minimum Wages Claim**.  The Complaint alleges that Plaintiff and the putative class ware entitled to unpaid wages because "…Defendants failed to pay Plaintiff and Class Members minimum wages for work they performed…" and "…Plaintiff and the other members of the Class worked many hours without proper compensation for work they performed."  Compl., ¶ 30.  Plaintiff further asserts that Defendants "failed to main[tain] proper payroll accounting procedures, resulting in continuous systematic underpayment of wages…" *Id*. at ¶ 10.  Based on these allegations, Plaintiff contends that he and the Putative Class Members are entitled to "recovery of the unpaid balance of the full amount of their unpaid minimum wages, including interest thereon, reasonable attorneys' fees and costs of suit" and "liquidated damages." Compl., ¶¶ 31-32.  California law currently applies a four year statute of limitation to unfair competition claims based on alleged unpaid wage violations. *See* Cal. Bus. & Prof. Code § 17208.

30.  ***Total Potential Unpaid Wages.***  Based upon Plaintiff's allegations, Defendants estimate that Plaintiff is putting 3 (three) hours of unpaid wages per workweek in controversy, which results in a weekly unpaid wage obligation of $33.00 [$11.00 x 3].  There were at least 56,877 weeks attributable to Putative Class Members between May 19, 2018 and July 22, 2022; thus, Defendants' aggregate unpaid wage obligation under Plaintiff's alleged theory would be $1,876,941 [$33.00 x 56,877].

---

[5] For purposes of calculating potential minimum wage damages in this Notice of Removal, Defendants conservatively utilized the 2018 California minimum wage of $11.00/hour rather than the current minimum wage rate of $15.00/hour.  Note, however, that the lowest current or final hourly rate of pay for any Putative Class Member who was employed at any time from May 19, 2018 and July 8, 2022 was $17.00.  De La Cruz Decl., ¶ 3b.  Thus, if damages were calculated on the overtime claim, the amount in controversy would be significantly higher as it would be based upon an overtime rate that is at a minimum $25.50.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

31.     Under California Labor Code section 1197.1, an employer who fails to pay the minimum wage owes the employee: (1) the unpaid minimum wage; and (2) liquidated damages in the same amount as the unpaid wage.   Based on the above calculations, the alleged amount in controversy with respect to Plaintiff's unpaid minimum wage claim is $3,753,882, based on: (1) $1,876,941 in unpaid minimum wage [$33.00 x 56,877 weeks]; and (2) $1,876,941 in liquidated damages [$33.00 x 56,877 weeks].

32.     **Wage Statement Violations Claim.**  Plaintiff also seeks penalties under California Labor Code section 226.  Under Labor Code section 226(e), the penalty for an alleged failure to provide accurate itemized wage statements is "fifty dollars ($50) for the initial pay period in which a violation occurs,  and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)" per employee.   A one year statute of limitations applies to a violation of Section 226.  *See* Cal. Civ. Proc. Code § 340.  Plaintiff filed his Complaint on May 19, 2022.  Therefore, the statutory period for a claim under California Labor Code section 226 runs from May 19, 2021 to the present.

33.     As set forth in the Complaint, Plaintiff alleges that Defendants "failed to timely provide Plaintiff and the other members of the Class with wage statements confirming to the requirements of section 226(a) of the California Labor Code".  Compl., ¶ 36.  Plaintiff further asserts that "[t]he failure to identify required data caused Plaintiff and other members of the putative class injury" and contends that he and the Putative Class Members are "entitled to damages in the amount of at least $50, or damages in an amount according to proof and costs and reasonable attorney's fees", which Defendants deny that Plaintiff or any Putative Class Member is entitled to.  *Id.* at ¶¶ 37-38.

34.     ***Total Potential Liability for Wage Statement Claim.***  From May 19, 2021 to approximately July 22, 2022, 432 non-exempt California employees of Motts were employed and received weekly wage statements. De La Cruz Decl., ¶¶ 3c, e, and f.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Approximately 322 Putative Class Members received 41 or more weekly wage statements and the remaining 110 Putative Class Members received 1 or weekly wage statements.  Thus, based on the allegations in the Complaint, the 322 Putative Class Members that received 41 or more weekly wage statements would receive the maximum penalties that are capped at $4,000 [$50 initial violation rate + ($100 subsequent violation rate * 40 pay periods)]. [6]  For the remaining 110 Putative Class Members that received 1 or more weekly wage statements, Defendants conservatively estimate 1 wage statement violation calculated at the initial violation rate.  Based thereon, although Defendants deny that Plaintiff or any Putative Class Member is entitled to penalties, the class allegations seeking penalties under California Labor Code Section 226 yields an estimated aggregate penalties of $1,293,500 [($4,000 x 322) + ($50 x 110)] in controversy.

**Total Aggregate Minimum Potential Liabilities and Additional Potential Recoveries Based on the Allegations in Plaintiff's Complaint.**

| AMOUNT IN CONTROVERSY | |
|---|---|
| **Basis for Claim** | **Amount** |
| Unpaid Minimum Wages | $1,876,941 |
| Liquidated Damages | $1,876,941 |

[6] Defendants do not concede Plaintiff and the Putative Class Members are entitled to recovery under Section 226 and do not agree that the initial and subsequent violation rates apply.  Rather, Defendants believe that if Plaintiff is permitted to recover under Section 226, his recovery must be limited to the "initial violation" amount – i.e., $50 per pay period pursuant to Section 226(e).  *See e.g., Amaral v. Cintas Corp*. No. 2, 163 Cal. App. 4th 1157, 1209 (2008).  Plaintiff, however, appears to contend that the subsequent violation rate of $100 per pay period applies after the first pay period where there is a violation.  Thus, for purposes of removal only, Defendants are justified in using the initial/subsequent violation rates and a 100% violation rate in computing the amount in controversy on Plaintiff's wage statement claim based on the allegations in the Complaint. *See, Ritenour v. Carrington Mortg. Servs. LLC*, 2017 U.S. Dist. LEXIS 1747, *9 (C.D. Cal. Jan. 5, 2017 (regarding wage statement claims, "[g]iven the vague language and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate…").

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

| Wage Statement Penalties | $1,293,500 |
|---|---|
| **TOTAL** | **$5,047,382** |

35.   **Other Damages**.   Though the jurisdictional minimum amount in controversy is met and easily surpassed by estimates of the afore-referenced minimum wage and wage statement claims, Plaintiff's remaining claims bolster Defendants' position that the amount in controversy exceeds $5,000,000.   Plaintiff is seeking overtime wages, penalties under Labor Code Section 210,[7] civil and statutory penalties, attorneys' fees and costs.   Compl., Prayer for Relief.   These additional items could increase the amount in controversy significantly.   For example, Plaintiff's potential recovery on his overtime claim would be significantly larger than the calculations set forth above with respect to the unpaid minimum wages claim.[8]   Moreover, Plaintiff's potential recovery on his claim for failure to timely pay wages in violation of Labor Code section 210 yields an estimated $2,619,200 in penalties.[9]   In addition, attorneys'

---

[7] Here, Plaintiff seeks penalties pursuant to Labor Code section 210 which provides recovery for failure to timely pay wages under Labor Code section 204.  Defendants deny that Plaintiff is entitled to recovery on his failure to timely pay wages claim because it is improperly derivative of his other unpaid wage claims and Labor Code section 210 does not provide for a private right of action under Section 204.

[8] This is because the overtime rate would be 1.5 times the employee's regular rate of pay.

[9] Like Plaintiff's wage statement claim, his claim for penalties under Labor Code Section 210 is also subject to a one-year statute of limitations. California Labor Code section 210 provides penalties of one hundred dollars ($100) for any initial violation and two hundred dollars ($200) for each subsequent violation, for each failure to pay each employee.  Defendants deny that the penalty for subsequent violations is warranted or applicable here.  *See, Amaral v. Cintas Corp.* No. 2, 163 Cal. App. 4th at 1209.  For purposes of removal only, Defendants calculated the amount in controversy for Plaintiff's Labor Code section 210 claim utilizing the initial and subsequent violation rates.  Approximately 322 Putative Class Members received 41 or more weekly wage statements and the remaining 110 Putative Class Members received 1 or weekly wage statements.  Thus, based on the allegations in the Complaint, the 322 Putative Class Members that received 41 or more weekly wage statements would recover a minimum of $8,100 in penalties [$100 initial violation rate + ($200 subsequent violation rate * 40 pay periods)].  De La Cruz Decl., ¶ 3f.  For the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

fee awards can properly be included in calculating the amount in controversy, and such awards are commonly in the 25% to 33% range of an award to the class.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that attorneys' fees may be included when calculating the amount in controversy).  Notwithstanding the exclusion of the potential liabilities of Plaintiff's remaining claims, Defendants have clearly demonstrated that the potential amount put in controversy by Plaintiff in his Complaint exceeds the $5,000,000 jurisdictional minimum under CAFA.[10]  Indeed if you add the 210 penalties and attorneys' fees the total amount in controversy is in excess of $9,000,000.

36.    In sum, through Defendants' own investigation and calculations as set forth herein, a preponderance of the evidence supports removal of this matter because CAFA jurisdiction has been established, even based on conservative calculations. Therefore, removal of this matter is appropriate.

## SUPPLEMENTAL JURISDICTION

37.    This Court has supplemental jurisdiction over Plaintiff's remaining individual causes of action for failure to provide employment records under Sections 226(b) and 1198.5 and for penalties pursuant to the Private Attorney General Act, California Labor Code § 2698 *et seq*. ("PAGA"), because those causes of action share a common nucleus of operative facts with Plaintiff's other causes of action.  *See* 28 U.S.C. 1367(a) and 1441(c); Compl., at ¶¶ 43-50.  Plaintiff's individual claims for failure to provide records arise out of his employment with Motts and Plaintiff's PAGA

remaining 110 Putative Class Members that received 1 or more weekly wage statements, Defendants conservatively estimate 1 violation calculated at the initial violation rate.  *Id.*  Based thereon, although Defendants deny that Plaintiff or any Putative Class Member is entitled to penalties, the class allegations seeking penalties under California Labor Code Section 210 yields an estimated  $2,619,200 [($8,100 x 322) + ($100 x 110)] over the jurisdictional minimum amount in  controversy.

[10] Again, Defendants provide these calculations solely to establish that the amount in controversy exceeds the jurisdictional minimum.  Defendants make no admission of liability and deny Plaintiff's right to recover with respect to any aspect of this case.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

claim rises and falls with the underlying California Labor Code claims.   *See, e.g., Zackaria v. Wal-Mart Stores, Inc*., 142 F. Supp. 3d 949, 958 (C.D. Cal. 2015) ("A plaintiff pursuing a representative PAGA action must prove the alleged underlying Labor Code violations (i) first, as to him or herself, and (ii) second, as to all…aggrieved employees for which a penalty also is sought."); *Sanders v. Old Dominion Freight Line, Inc.*, 2018 WL6321628, at *4 (C.D. Cal. June 25, 2018) ("Plaintiffs' PAGA claim rises or falls with their other claims"); and *Price v. Starbucks Corp.*, 192 Cal.App.4th 1136, 1147 (2011).  Accordingly, this Court has jurisdiction over the entire Complaint and removal is proper.

## TIMELINESS OF REMOVAL

38.    Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Defendants are filing this removal within thirty (30) days following service of Defendants' receipt of the Summons and Complaint on June 24, 2022.

## NOTICE TO PLAINTIFF

39.    In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    **WHEREFORE**, for all of the foregoing reasons, Defendants hereby remove the

2    State Court Action now pending in the Superior Court of the State of California, County

3    of Los Angeles, to the United States District Court for the Central District of California.

4

5                                              Respectfully submitted,

6    Dated:        July 22, 2022              REED SMITH LLP

7

8    By:   /s/
                                              Mara D. Curtis

9                                             Attorneys for Defendants
                                              MOTTS LLP, KEURIG DR PEPPER
10                                            INC. and DR PEPPER/SEVEN UP
                                              INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Los Angeles on 06/29/2022 03:11 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Valenzuela,Deputy Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **Alan Harris SBN 146079** **HARRIS & RUBLE,** **624 S. ARDEN BLVD.** **LOS ANGELES, CA 90005** Telephone No.: **(323) 962-3777**      Fax No. (Optional): E-MAIL ADDRESS (Optional): **harrisa@harrisandruble.com** ATTORNEY FOR (Name):      **Plaintiff** | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING)
STREET ADDRESS: 111 N Hill St
MAILING ADDRESS: 111 N Hill St
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING)

| PLAINTIFF/PETITIONER:  John Trujillo | CASE NUMBER: 22STCV16589 |
|---|---|
| DEFENDANT/RESPONDENT:  MOTTS, LLP | |
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.: Keurig Motts |

(Separate proof of service is required for each party served.)

1.      At the time of service I was at least 18 years of age and not a party to this action.

2.      I served copies of: **Complaint; Summons; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment Unlimited Civil Case; Alternative Dispute Resolution (ADR) Information Package; First Amended General Order**

3.      a.  Party served (specify name of party as shown on documents served):
         **MOTTS, LLP, a Delaware limited liability company**

        b.  [ **X** ]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):
         **Sarai Marin   (Gender: Female Age: 23 Height: 5'5" Weight: 145 Race: Hispanic Hair: brown  Other: hazel eyes)
         CT Corp Intake Specialist**

4.      Address where the party was served: **330 N Brand Blvd Ste 700,  Glendale, CA 91203**

5.      I served the party (check proper box)
        a.  [ **X** ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **6/24/2022** (2) at: **12:37 PM**
        b.  [   ]  **by substituted service.** On:  at:  I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

             (1)  [   ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

             (2)  [   ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

             (3)  [   ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

             (4)  [   ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:

Page 1 of 2

POS-010 [Rev. January 1, 2007]                    **PROOF OF SERVICE OF SUMMONS**                    Invoice # 6079615-01

| PLAINTIFF/PETITIONER: | John Trujillo | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | MOTTS, LLP | 22STCV16589 |

on: _____ from: _____ **or** ☐ a declaration of mailing is attached.

    (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.   c. ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on: _____     (2) from: _____

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐   **by other means** (*specify means of service and authorizing code section*):

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of (*specify*):
  c. ☐ as occupant.
  d. ☒ On behalf of (*specify*): **MOTTS, LLP, a Delaware limited liability company**
    under the following Code of Civil Procedure section:

| | | |
|---|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☒ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: **Sal Dimas**
  b. Address: **1000 Corporate Center Drive Suite 110, Monterey Park, CA 91754**
  c. Telephone number: **213-628-6338**
  d. **The fee** for service was: **$75.00**
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ a registered California process server:
      (i) ☐ owner ☒ employee ☐ independent contractor.
      (ii) Registration No.: **2014347850**
      (iii) County: **Los Angeles**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JJ JANNEY & JANNEY**
LEGAL SUPPORT SERVICE

▶ *Sal Dimas* (signature)

**Sal Dimas**      Date: **06/27/2022**

# EXHIBIT 2

Electronically FILED by Superior Court of California, County of Los Angeles on 06/29/2022 03:11 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Valenzuela,Deputy Clerk

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| **Alan Harris SBN 146079**<br>**HARRIS & RUBLE,**<br>**624 S. ARDEN BLVD.**<br>**LOS ANGELES, CA 90005**<br><br>Telephone No.: **(323) 962-3777**          Fax No. *(Optional):*<br><br>E-MAIL ADDRESS *(Optional):* **harrisa@harrisandruble.com**<br>ATTORNEY FOR *(Name):*          **Plaintiff** | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING)**
STREET ADDRESS: 111 N Hill St
MAILING ADDRESS: 111 N Hill St
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, -
STANLEY MOSK (EFILING)

| | |
|---|---|
| PLAINTIFF/PETITIONER:  John Trujillo<br><br>DEFENDANT/RESPONDENT:  MOTTS, LLP | CASE NUMBER:<br>22STCV16589 |
| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>Keurig Motts |

(Separate proof of service is required for each party served.)

1.            At the time of service I was at least 18 years of age and not a party to this action.

2.      I served copies of:  **Complaint; Summons; Civil Case Cover Sheet; Notice of Case Assignment Unlimited Civil Case;**
                    **Alternative Dispute Resolution (ADR) Information Package; First Amended General Order**

3.     a.   Party served *(specify name of party as shown on documents served):*
          **DR. PEPPER / SEVEN UP, INC., a Delaware corporation**

      b.   ☒   Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
                 under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
                 **Sarai Marin   (Gender: Female Age: 23 Height: 5'5" Weight: 145 Race: Hispanic Hair: brown  Other: hazel eyes)**
                 **CT Corp Intake Specialist**

4.      Address where the party was served: **330 N Brand Blvd Ste 700,  Glendale, CA 91203**

5.      I served the party *(check proper box)*
      a.   ☒   **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
              service of process for the party (1) on: **6/24/2022** (2) at: **12:37 PM**
      b.   ☐   **by substituted service.** On:  at:  I left the documents listed in item 2 with or in the presence of *(name and title or
              relationship to person indicated in item 3):*

          (1)    ☐   **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
                     of the person to be served. I informed him or her of the general nature of the papers.

          (2)    ☐   **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
                     place of abode of the party. I informed him or her of the general nature of the papers.

          (3)    ☐   **(physical address unknown)** a person at least 18 years of  age apparently in charge at the usual
                     mailing address of the person to be served, other than a United States Postal Service post office box. I
                     informed him or her of the general nature of the papers.

          (4)    ☐   I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at
                     the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:
                     *on:*       *from:*          **or** ☐ a declaration of mailing is attached.

Page 1 of 2

| PLAINTIFF/PETITIONER: John Trujillo | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: MOTTS, LLP | 22STCV16589 |

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

 (1) on: (2) from:

 (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

 (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

 d. ☐ **by other means** *(specify means of service and authorizing code section):*

 ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
 a. ☐ as an individual defendant.
 b. ☐ as the person sued under the fictitious name of *(specify):*
 c. ☐ as occupant.
 d. ☒ On behalf of *(specify):* **DR. PEPPER / SEVEN UP, INC., a Delaware corporation**
 under the following Code of Civil Procedure section:

| | | | |
|---|---|---|---|
| ☒ 416.10 (corporation) | | ☐ 415.95 (business organization, form unknown) | |
| ☐ 416.20 (defunct corporation) | | ☐ 416.60 (minor) | |
| ☐ 416.30 (joint stock company/association) | | ☐ 416.70 (ward or conservatee) | |
| ☐ 416.40 (association or partnership) | | ☐ 416.90 (authorized person) | |
| ☐ 416.50 (public entity) | | ☐ 415.46 (occupant) | |
| | | ☐ other: | |

7.  **Person who served papers**
 a. Name: **Sal Dimas**
 b. Address: **1000 Corporate Center Drive Suite 110, Monterey Park, CA 91754**
 c. Telephone number: **213-628-6338**
 d. **The fee** for service was: **$45.00**
 e. I am:
 (1) ☐ not a registered California process server.
 (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
 (3) ☒ a registered California process server:
 (i) ☐ owner ☒ employee ☐ independent contractor.
 (ii) Registration No.: **2014347850**
 (iii) County: **Los Angeles**

8.  ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JJ JANNEY & JANNEY**
L E G A L  S U P P O R T  S E R V I C E

▶ _Sal Dimas_ (signature)

**Sal Dimas** Date: **06/27/2022**

# EXHIBIT 3

Electronically FILED by Superior Court of California, County of Los Angeles on 06/29/2022 03:11 PM Sherri R. Carter, Executive Officer/Clerk of Court, by K. Valenzuela,Deputy Clerk

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| **Alan Harris SBN 146079**<br>**HARRIS & RUBLE,**<br>**624 S. ARDEN BLVD.**<br>**LOS ANGELES, CA 90005**<br><br>Telephone No.: **(323) 962-3777**  Fax No. *(Optional):*<br><br>E-MAIL ADDRESS *(Optional):* **harrisa@harrisandruble.com**<br>ATTORNEY FOR *(Name):*  **Plaintiff** | |

| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING)** |
|---|
| STREET ADDRESS: 111 N Hill St |
| MAILING ADDRESS: 111 N Hill St |
| CITY AND ZIP CODE: Los Angeles, CA 90012 |
| BRANCH NAME: SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, - STANLEY MOSK (EFILING) |

| PLAINTIFF/PETITIONER:  John Trujillo | CASE NUMBER:<br>22STCV16589 |
|---|---|
| DEFENDANT/RESPONDENT:  MOTTS, LLP | |

| **PROOF OF SERVICE SUMMONS** | Ref. No. or File No.:<br>Keurig Motts |
|---|---|

(Separate proof of service is required for each party served.)

1.    At the time of service I was at least 18 years of age and not a party to this action.

2.    I served copies of: ***Complaint; Summons; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment Unlimited Civil Case; Alternative Dispute Resolution (ADR) Information Package; First Amended General Order***

3.    a.  Party served *(specify name of party as shown on documents served):*
           ***KEURIG DR. PEPPER, INC., a Delaware Corporation***

      b.  [ **X** ]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
           ***Sarai Marin   (Gender: Female Age: 23 Height: 5'5" Weight: 145 Race: Hispanic Hair: brown  Other: hazel eyes)***
           ***CT Corp Intake Specialist***

4.    Address where the party was served: ***330 N Brand Blvd Ste 700,  Glendale, CA 91203***

5.    I served the party *(check proper box)*

      a.  [ **X** ]  **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: **6/24/2022** (2) at: **12:37 PM**

      b.  [   ]  **by substituted service.** On: at: I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

           (1)  [   ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

           (2)  [   ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

           (3)  [   ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

           (4)  [   ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents:

---

**Page 1 of 2**

| PLAINTIFF/PETITIONER:     John Trujillo | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   MOTTS, LLP | 22STCV16589 |

on: _____ from: _____ **or** ☐ a declaration of mailing is attached.

(5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on: _____ (2) from: _____

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** (*specify means of service and authorizing code section*):

☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of (*specify*):

c. ☐ as occupant.

d. ☒ On behalf of (*specify*): **KEURIG DR. PEPPER, INC., a Delaware Corporation**
   under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

a. Name: **Sal Dimas**

b. Address: **1000 Corporate Center Drive Suite 110, Monterey Park, CA 91754**

c. Telephone number: **213-628-6338**

d. **The fee** for service was: **$45.00**

e. I am:

(1) ☐ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☒ a registered California process server:

(i) ☐ owner  ☒ employee  ☐ independent contractor.

(ii) Registration No.: **2014347850**

(iii) County: **Los Angeles**

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**JJ JANNEY & JANNEY**
**LEGAL SUPPORT SERVICE**

_____
**Sal Dimas**          Date: **06/27/2022**

# EXHIBIT 4

Electronically FILED by Superior Court of California, County of Los Angeles on 05/19/2022 10:53 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Covarrubias, Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MOTTS LLP, a Delaware limited liability company;
KEURIG DR PEPPER INC., a Delaware Corporation;
DR. PEPPER/SEVEN UP INC., a Delaware corporation;
and DOES 1 to 50.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOHN TRUJILLO, individually and
on behalf of all others similarly
situated.

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Stanley Mosk Courthouse<br>111 N. Hill Street<br>Los Angeles, CA 90012 | 22STCV16589 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Alan Harris - HARRIS & RUBLE - 655 N. Central Ave., 17th Floor, Glendale, CA 91203 - Tel: (323) 962-3777

| DATE: 05/19/2022 | Clerk, by | Sherri R. Carter Executive Officer / Clerk of Court | Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | J. Covarrubias | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* DR. PEPPER / SEVEN UP, INC., a Delaware corporation
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Daniel Buckley
Electronically FILED by Superior Court of California, County of Los Angeles on 05/19/2022 10:55 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Covarrubias,Deputy Clerk

1  Alan Harris (SBN 146079)
   Priya Mohan (SBN 228984)
   Min Ji Gal (SBN 311963)
2  HARRIS & RUBLE
   655 N. Central Ave., 17th Fl
3  Glendale, CA 91203
   Telephone:  323.962.3777
4  Facsimile:  323.962.3004
   harrisa@harrisandruble.com
5  pmohan@harrisandruble.com
   mgal@harrisandruble.com
6
7  Attorneys for Plaintiff
   JOHN TRUJILLO

8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                        COUNTY OF LOS ANGELES

11                           CENTRAL DISTRICT

12  JOHN TRUJILLO, individually and on behalf    Case No.  22STCV16589
    of all others similarly situated,

13                                               COMPLAINT
                     Plaintiffs,                 *[Class Action and PAGA Law Enforcement*
14                                               *Complaint]*
        v.
15                                               1.  Violations of California Business and
    MOTTS LLP, a Delaware limited liability      Professions Code §§ 17200 *et seq.*
16  company; KEURIG DR PEPPER INC., a
    Delaware Corporation; DR. PEPPER/SEVEN       2.  Unpaid Minimum Wages, California Labor
17  UP INC., a Delaware corporation; and DOES 1  Code §§ 1194, 1197 and Wage Order
    to 50,
18                                               3.  Unpaid Overtime Wages, California Labor
                     Defendants.                 Code § 510 and 1198
19
                                                 4.  Improper Wage Statements, California Labor
20                                               Code § 226

21                                               5.  Failure to pay timely wages, Cal. Lab. Code §
                                                 210
22
                                                 6.  Private Attorney General Act, California Labor
23                                               Code §§ 2698 *et seq.*

24                                               7.  Cal. Lab. Code § 226(b), Failure to Provide
                                                 Employment Records
25
                                                 8.  Cal. Lab. Code § 1198.5, Failure to Provide
26                                               Employment Records

27                                                      **DEMAND FOR JURY TRIAL**

28

                                     1
                                 COMPLAINT

1    Plaintiff John Trujillo ("Plaintiff") alleges:

2    **PRELIMINARY ALLEGATIONS**

3    1.    Plaintiff John Trujillo, on behalf of himself and on behalf of a class as hereinafter defined

4    are, and at all recent times herein mentioned was and is, a resident of California working for Defendants

5    Motts LLP, Keurig Dr. Pepper Inc. and Dr. Pepper/Seven Up Inc. (collectively "Keurig Dr. Pepper"),

6    entities which routinely do substantial business within the County of Los Angeles, State of California.

7    Plaintiff worked for Defendants in Victorville, California.  Plaintiff brings this action on behalf of the

8    public of the State of California pursuant to the authority of Business and Professions Code sections

9    17200, 17203, and 17535.

10    2.    Defendant Motts LLP is a limited liability company established under the laws of the

11    State of Delaware.  Keurig Dr. Pepper Inc. is a Delaware corporation.  Dr. Pepper/Seven Up Inc. is a

12    Delaware corporation.  According to Defendant Motts LLP's website, the "Mott's brand continues as

13    part of the Plano, Texas-based Keurig Dr. Pepper, a leading producer and distributer of hot and cold

14    beverages that satisfy the needs of people anytime, anywhere."  According to Defendant Keurig Dr.

15    Pepper Inc.'s website, "Keurig Dr Pepper (NASDAQ: KDP) is a leading beverage company in North

16    America and the first to bring hot and cold beverages together at scale.  Formed in 2018 with the merger

17    of Keurig Green Mountain and Dr. Pepper Snapple Group, Keurig Dr Pepper has annual revenue in

18    excess of $11 billion and nearly 27,000 employees. According to Defendant Dr. Pepper/Seven Up Inc.'s

19    website, Dr. Pepper is America's oldest major soft drink.  "In 2008, Dr Pepper Snapple Group, Inc., the

20    parent company of Dr Pepper and Dr Pepper/Seven Up, Inc., was established following the spinoff of

21    Cadbury Schweppes Americas Beverages (CSAB) from Cadbury Schweppes plc.  It remands one of

22    North America's leading refreshment beverage companies, manufacturing, bottling and distributing

23    more than 50 brands of carbonated soft drinks, juices, teas, mixers, waters and other premium

24    beverages."

25    3.    Defendants Doe One through and including Doe Fifty are sued herein under the

26    provisions of section 474 of the California Code of Civil Procedure.  Plaintiff is unaware of the true

27    names, identities or capacities, whether corporate, individual or otherwise, of said fictitiously name

28    defendants, but leave of Court will be prayed to amend this pleading to insert the same herein when

1   finally ascertained.  Plaintiff is informed, believes and thereupon alleges that each of the fictitiously

2   named Defendants is an entity, which during the relevant time period maintained a place of business in

3   the County of Los Angeles of the State of California.

4        4.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned,

5   Defendants, and each of them, were the agents, servants, employees, and/or joint ventures of their co-

6   Defendants as aforesaid, when acting as a principal, were negligent and reckless in the selection and

7   hiring of each and every other Defendants as an agent, servant, employee, corporate officer, and/or joint

8   venture, and that each and every Defendant ratified the acts of the co-Defendants.

9                          **JURISDICTION AND VENUE**

10       5.     Jurisdiction in this Court is proper pursuant to California Business and Professions Code

11  sections 17203 and 17535 and California Code of Civil Procedure section 410.10.

12       6.     Venue as to Defendants is proper in this judicial district pursuant to the provisions of

13  Business and Professions Code sections 17203 and 17535 as well as California Code of Civil Procedure

14  sections 395(a) and 395.5.  Each Defendant maintains an office, transacts business, has an agent, or is

15  found in the County of Los Angeles, and is within the jurisdiction of this Court for purposes of service

16  of process.

17                          **NATURE OF THE ACTION**

18       7.     This is an action in equity to enjoin a scheme of unfair and fraudulent business practices

19  (Business and Professions Code section 17200).  The power of the court to enjoin such practices is

20  found in the general equitable powers of the court and in Business and Professions Code sections 17203

21  and 17535.  Such code sections also empower the Court to make any other orders or judgments,

22  including the appointment of a receiver, as may be necessary to prevent the use or employment of

23  practices which violate such code sections or which may be necessary to restore to any person in

24  interest, any money or property which may have been acquired by means of any practice which violates

25  such code sections.  Plaintiff brings this action on behalf of all of the members of the general public the

26  State of California and the people of the State of California as provided for in Business and Professions

27  Code sections 17203 and 17535.

28

## ALLEGATIONS COMMON TO ALL COUNTS

8.     Plaintiff alleges that in doing the acts and omissions herein alleged, Defendants and their co-conspirators and alter egos, and each of them, with respect to the acts or steps taken by each of them in connection with the events described or referred to herein, acted as the agent of the other Defendants and co-conspirators, pursuant to a common goal or scheme to conserve resources by failing to provide proper payroll accounting and timely payment of wages owing to Keurig Dr. Pepper employees, all to the derogation of those workers and the general public of the State of California.   Unknown to Plaintiff and other Keurig Dr. Pepper workers, Defendants would carry out the wrongful patterns of conduct herein alleged and would conspire to conceal the same, and each of them is in some manner responsible as principals or under the doctrine of *respondeat superior,* for the matters complained of, in that all the transactions and events and dealings described herein, and communications related thereto, were chapters in, or parts of, a connected or interrelated wrongful, illegal, inequitable, fraudulent or deceptive set of schemes and conspiracies, requiring steps and activities by each of the Defendants in order to make the interrelated schemes and conspiracies work or be successful to unjustly enrich Defendants and deceive Plaintiff and the general public of the State of California.   At the times relevant to this Complaint, each Defendant, in connection with the transactions, events and dealings alleged herein, and the alleged violations and tortious conduct set forth herein:

(a)     acted in concert with the other Defendants;

(b)     knew that the conduct of the other Defendant described herein (including omissions to act in the face of the situation then obtaining) constituted a breach of duty to Plaintiff and gave substantial assistance or encouragement to each such Defendant to so conduct itself in such a way as to allow or cause one or the other, or both, to be unjustly enriched;

(c)     gave substantial assistance to each such other Defendant in accomplishing the tortious, inequitable, or wrongful conduct and such Defendant's own conduct, separately considered, constituted a breach of duty to the Plaintiff and the general public of the State of California as set forth herein;

(d)     induced the wrongful or tortious conduct and such Defendant knew or should have known of the circumstances that would make the conduct tortious or inequitable if it were such Defendant's own conduct;

4

(e)     conducted its activities with the aid of the other Defendant and was negligent in employing or engaging or supervising the other Defendant;

(f)     controlled, or had a duty to use care to control, the conduct of the other Defendants, who were likely to do harm if not supervised and/or controlled, and failed to exercise care in the control; and/or

(g)     had a duty to provide protection for, or to have care used for the protection of the Plaintiffs and general public and confided the performance of such duty to other Defendants, and such Defendant caused, or failed to avert, the tortious or wrongful conduct as set forth herein by failing to perform such duty.

9.      Defendants failed to devote sufficient resources to the payroll accounting function, with the result that for week after week Plaintiff and other Keurig Dr. Pepper employees have been systematically underpaid.

10.     In or about December of 2021, the Defendants failed to main proper payroll accounting procedures, resulting in continuous, systematic underpayment of wages to Plaintiffs and other Keurig Dr. Pepper workers.  Since then Defendants have failed and refused to devote sufficient resources to repair or replacement of its payroll system, with the result that routine violations of the California Labor Code have resulted.

11.     By virtue of failing to comply with the requirements of the California Labor Code and related Wage Order of the IWC, Defendants are operating in violation of law and therefore liable under the unlawful prong of California's Unfair Competition Law.

12.     Defendants have held themselves out to its employees and the citizens of the State of California as being experts in the field of manufacturing and distribution operations in order to wrongfully obtain money and excessive profits utilizing unfair business practices by failing to devote sufficient resources to maintenance and repair of its payroll accounting function resulting in addition to underpayments to employees, under withholding of the various taxes and other required payments, all in derogation of the California Labor Code.  On information and belief, prior to this lawsuit being filed, Defendants have not properly disclosed the true purposes of their actions in failing to properly maintain and repair its payroll accounting function.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action on behalf of himself and all others similarly situated, providing non-exempt services for Defendants in California, as a class action pursuant to section 382 of the Code of Civil Procedure. Plaintiff seeks to represent a Class composed of and defined as follows:

All of Defendants' hourly employees in California during the period from four years prior to the filing of this lawsuit to the present.

14. This action has been brought and may be properly maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

15. Defendants, as to Plaintiff and each Class Member, failed to properly provide the data required by section 226(a) of the Code and, accordingly, Defendants' failure to provide such data entitles Plaintiff and each Class Member to either actual damages or statutory liquidated damages, whichever is greater. For example, among other violations, Plaintiff's wage statements did not include the correct information for the legal name and address of the employer or "gross wages earned," "total hours worked by the employee," and "net wages earned." Accordingly, Defendants' failure to provide proper wage statements entitles Plaintiff and each Class Member to either actual damages or statutory damages, whichever is greater.

16. Defendants, as to Plaintiff and each Class Member, failed to timely compensate as required by Cal. Lab. Code section 210. Plaintiff and each Class Member was also not properly paid for all minimum and overtime wages.

**A. Numerosity**

17. The potential members of each Class as defined are so numerous that joinder of all the members of either Class is impracticable. The number of Class Members is great, but not so great as to make the class unmanageable. It therefore is impractical to join each Class Member as a named plaintiff. Accordingly, utilization of a class action is the most economically feasible means of determining the merits of this litigation.

18. Despite the size of the proposed Classes, the Class Members are readily ascertainable through an examination of the records that Defendants are required by law to keep. Likewise, the dollar

1  amount owed to each Class Member is readily ascertainable by an examination of those same records.

2  **B. Commonality**

3      19.    There are questions of law and fact common to each Class that predominate over any

4  questions affecting only individual Class Members. These common questions of law and fact include,

5  without limitation:

6          a.   Whether Defendants' failure to provide accurate itemized wage statements to each and

7              every employee violates Code section 226(a).

8          b.   Whether Defendants failed to pay all wages in a timely fashion in violation of section

9              210 of the Code.

10          c.   Whether Defendants failed to pay minimum wages to Class Members in violation of

11              sections 1194 and 1197 of the Code.

12          d.   Whether Defendants failed to pay overtime wages to Class Members in violation of

13              sections 510 and 1198 of the Code.

14  **C. Typicality**

15      20.    There is a well-defined community of interest in the questions of law and fact common to

16  the Class Members.

17      21.    The claims of the named Plaintiff are typical of the claims of the Class and Subclass,

18  which claims all arise from the same general operative facts, namely, Defendants did not provide wage

19  statements to employees that conformed with the requirements of Code section 226(a), and did not

20  compensate their employees as required by the Code and applicable Wage Order.  Plaintiff and all

21  members of the Class sustained injuries and damages arising out of and caused by the Defendants'

22  common course of conduct in violation of laws, regulations that have the force and effect of law, and

23  statutes as alleged herein.  Plaintiff has no conflict of interest with the other Class Members and is able

24  to represent the Class Members' interests fairly and adequately.

25  **D. Adequacy of Representation**

26      22.    Plaintiff will fairly and adequately represent and protect the interests of the members of

27  each Class. Plaintiff's counsel are competent and experienced in litigating large employment class

28  actions.  Neither Plaintiff nor his counsel has any conflict with the Class.

**E.  Superiority of Class Action**

23.     A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class/Subclass has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices of: (i) failing to provide compliant wage statements; (ii) failing to pay hourly wages;  and (iii) failing to pay overtime wages.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be construed in the management of this action that would preclude its maintenance as a class action.  The disposition of all claims of the members of the Class in a class action, rather than in individual actions, benefits the parties and the Court.  The interest of the Class Members in controlling the prosecution of separate claims against Defendants is small when compared with the efficiency of a class action.

24.     There is a well-defined community of interest in the questions of law and fact common to the Class.  The key questions are the same for each Class Member, namely,

(a) Whether the class member as an employee of Defendants within California was paid timely;

(b) Whether the class member as an employee of Defendants within California was issued a compliant wage statement;

(c) Whether Defendants' failure to compensate for all hours worked resulted in a failure to pay minimum wages and overtime wages.

**FIRST CAUSE OF ACTION**
Unfair Business Practices
(California Business and Professions Code §§ 17200 *et seq.*
Behalf of Plaintiff and Class Against Defendants)

25.     Plaintiff realleges and incorporates by reference as though set forth herein in full all paragraphs of this Complaint.

26.     Such acts of Defendants, and each of them, are unfair business practices and therefore constitute violations of the unfairness prong of California Business and Professions Code section 17200.

8
COMPLAINT

27.     As a result of the above violations of Business and Professions Code section 17200,

Plaintiff, on behalf of the People of the State of California pursuant to Business and Professions Code

section 17203, is entitled to an order of this Court enjoining such future conduct on the part of

Defendants, and each of them, and such other orders and judgments which may be necessary.

28.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs under the private

attorney general theory and under California Code of Civil Procedure section 1021.5 for the benefit

conferred upon the general public of the State of California by any injunctive or other relief entered

herein.

### SECOND CAUSE OF ACTION
(Failure to Pay Minimum Wage, California Labor Code
§§ 1197, 1197 and IWC Wage Order 1
On Behalf of Plaintiff and Class Against Defendants)

29.     Plaintiff realleges and incorporates herein by reference the allegations contained in this

Complaint as though fully set forth herein.

30.     During their employment, Defendants failed to pay Plaintiff and Class Members

minimum wages for work they performed. Upon information and belief, Plaintiff and the other members

of the Class worked many hours without proper compensation for work they performed.

31.     Plaintiff and members of the Class are, accordingly, entitled to recovery of the unpaid

balance of the full amount of their unpaid minimum wages, including interest thereon, reasonable

attorneys' fees and costs of suit, in accordance with section 1194(a) of the California Labor Code.

32.     Plaintiff and the Class are also entitled to liquidated damages under section 1194.2 of the

California Labor Code in an amount according to proof.

### THIRD CAUSE OF ACTION
(Failure to Pay Overtime Wage, California Labor Code
§§ 510, 1198 and IWC Wage Order 1
On Behalf of Plaintiff and Class Against Defendants)

33.     Plaintiff realleges and incorporates herein by reference the allegations contained in this

Complaint as though fully set forth herein.

34.     During their employment, Defendants failed to pay Plaintiff and Class Members proper

overtime wages for work they performed in excess of eight hours in a day or forty hours in a week.

1   Upon information and belief, Plaintiff and the other members of the Class worked many hours without

2   proper overtime compensation for work they performed, as required by sections 510 and 1194 of the

3   California Labor Code and IWC Wage Order 1.

4        35.   Plaintiff and members of the Class are, accordingly, entitled to recovery of the unpaid

5   balance of the full amount of their unpaid overtime, including interest thereon, reasonable attorneys'

6   fees and costs of suit pursuant to section 1194.

**FOURTH CAUSE OF ACTION**
(Failure to Provide Information on Pay Stubs, California Labor Code § 226
On Behalf of Plaintiff and the Class Against Defendants)

10        36.   Plaintiff realleges and incorporates herein by reference the allegations contained in this

11   Complaint as though fully set forth herein. Defendants failed to timely provide Plaintiff and the other

12   members of the Class with wage statements conforming to the requirements of section 226(a) of the

13   California Labor Code. For example, Defendants' Wage Statements did not include the correct

14   information for the legal name and address of the employer or "gross wages earned," "total hours

15   worked by the employee," and "net wages earned." Cal. Lab. Code § 226(a).

16        37.   The failure of Defendants to provide proper wage statements violates section 226(a) of

17   the California Labor Code insofar as the Class Members have not received data that accurately sets forth

18   the information delineated in section 226(a) with respect to information regarding their employer and

19   how much pay they received for which pay period. The failure to identify required data caused Plaintiff

20   and other members of the putative class injury by depriving them of information to which they are

21   legally entitled.

22        38.   Accordingly, Plaintiff as well as members of the Class are entitled to damages in the

23   amount of at least $50, or damages in an amount according to proof and costs and reasonable attorney's

24   fees in accordance with the provisions of California Labor Code section 226(e).

25

26

27

28

### FIFTH CAUSE OF ACTION
(Failure to Timely Pay Wages, California Labor Code § 210 On Behalf of Plaintiff and the Class Against Defendants)

39.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

40.    Defendants failed to timely provide Plaintiff and the other members of the Class with wages as required by section 210 of the California Labor Code.

41.    The failure of Defendants to provide proper wages in timely fashion violates sections 201, 202, 203 and/or 204 of the California Labor Code.  Code section 210 states in relevant part:

(a) In addition to and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 204.11, 205, 205.5, and 1975.5, shall be subject to a penalty as follows:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

. . .

(c) An employee is only entitled to either recover the statutory penalty provided for in this section or to enforce a civil penalty as set forth in subdivision (a) of Section 2699, but not both, for the same violation.

Cal. Lab. Code § 210.

42.    Plaintiff and members of the Class are, accordingly, entitled to recovery of penalties, including interest thereon, reasonable attorneys' fees and costs of suit.

## SIXTH CAUSE OF ACTION
(PAGA Civil Penalties Pursuant to California Labor Code § 2698 et seq. On Behalf of
Plaintiff and Aggrieved Employees Against All Defendants)

43.   Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

44.   On February 11, 2022, pursuant to section 2699.3(a)(1) of the Labor Code Plaintiff submitted his PAGA Claim Notice online to the California Labor and Workforce Development Agency ("LWDA") and notified the LWDA of the specific provisions of the Labor Code alleged to have been violated by Defendants.  Also on that day, Plaintiff gave written notice by certified mail to Defendants' Registered Agents for Service of Process of the specific provisions of the Labor Code alleged to have been violated by Defendants.

45.   Plaintiff seeks to represent all Aggrieved Employees, defined as all of Defendants' hourly employees in California during the period from one year prior to giving notice under PAGA, February 11, 2022, through the present.

46.   At all relevant times, California Labor Code section 2699.3(a)(2)(A) provided:

> The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to Paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to Paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

Cal. Lab. Code § 2699.3(a)(2)(A).

47.   When sixty-five (65) calendar days of the postmark date of the notice sent by a plaintiff have passed the plaintiff may "commence a civil action pursuant to Section 2699." Cal. Lab. Code § 2699.3(a)(2)(A).  More than sixty-five calendar day have passed since Plaintiff gave written notice of the PAGA violations to the LWDA and Defendants.

48.   Plaintiff contends that sections 201, 202, 203, 204, 210, 226, 226.7, 510, 512, 558, 558.1, 1174, 1194, 1197, 1198, 2802, and 2699 et seq. of the Labor Code enables him to recover civil penalties under PAGA, as well as attorney's fees and costs, from Defendants, through a civil action on behalf of himself and other Aggrieved Employees.

1    49.    Plaintiff seeks to recover the PAGA civil penalties through a representative action

2    permitted by PAGA and the California Supreme Court in <u>Arias v. Superior Court</u>, 46 Cal. 4th 969

3    (2009).  Therefore, class certification of the PAGA claims is not required.

4    50.    Plaintiff seeks civil penalties pursuant to PAGA for violations of the following Labor

5    Code provisions:

6        (a)  **Failure to timely pay wages during employment in violation of Labor Code §§ 204**

7            **and 210.**  Aggrieved Employees were not compensated twice during each calendar

8            month for wages earned, or otherwise, by the times prescribed by section 204.  The

9            failure of Defendants to make timely payments within the time provided for has been and

10           is "willful" within the meaning of such word as used in Section 210 of the California

11           Labor Code and that, accordingly, each Aggrieved Employee who was not timely paid

12           her or her timely wages during their employment is entitled to civil penalties.  Labor

13           Code section 210 provides for a penalty of $100 for each initial violation and $200 for

14           each subsequent, or willful or intentional violation plus 25 percent of the amount

15           unlawfully withheld.

16       (b)  **Failure to pay wages and/or final wages in violation of Labor Code §§ 201, 202 and**

17           **203.** With respect to violations of Labor Code §§ 201 and 202, the failure of Defendants

18           to make final payments within the time provided for has been and is "willful" within the

19           meaning of such word as used in Section 203 of the California Labor Code and that,

20           accordingly, each Aggrieved Employee who was not timely paid her or her final wages is

21           entitled to civil penalties. Labor Code section 2699(f)(2) imposes a civil penalty of $100

22           per pay period per Aggrieved Employee for initial violations, and $200 per pay period

23           per Aggrieved Employee for subsequent violations for all Labor Code provisions for

24           which a civil penalty is not specifically provided.

25       (c)  **Failure to provide itemized wage statements in violation of Labor Code § 226(a).**

26           Aggrieved Employees have not been provided a wage statement as required by Labor

27           Code section 226(a). The foregoing was the intentional misconduct of Defendants that

28           was intended to mislead and injure Aggrieved Employees insofar as they were subjected

1    to confusion and deprived of information to which they were legally entitled. Section

2    226(e) provides that any employee who suffers injury as a result of a knowing and

3    intentional failure by the employer to comply with its obligation to provide wage

4    statements containing all of the information referenced above is entitled to recover.

5    Section 226.3 provides for a civil penalty of $250 per employee per violation in an initial

6    violation and $1,000 per employee for each violation in a subsequent violation, for which

7    the employer fails to provide the employee a wage deduction statement or fails to keep

8    the records required in subdivision (a) of Section 226.

9    (d) **Failure to pay minimum and overtime wages in violation of Labor Code §§ 510,**

10   **558, 1194, 1197, and 1198.** Both late payment and non-payment of minimum wages

11   violate the state statute requiring the payment of a minimum hourly wage.  Labor Code

12   section 558 imposes a civil penalty in addition to any other penalty provided by law of

13   $50 for initial violations for each underpaid employee for each pay period for which the

14   employee was underpaid in addition to an amount sufficient to recover unpaid wages,

15   and $100 for subsequent violations for each underpaid employee for each pay period for

16   which the employee was underpaid in addition to an amount sufficient to recover

17   underpaid wages.

18   (e) **Failure to keep complete and accurate payroll records.** Failure to keep complete and

19   accurate payroll records relating to Aggrieved Employees in accordance with California

20   Labor Code section 1174(d).  Willful failure to maintain accurate and complete records

21   required by section 1174(d) is subject to a civil penalty of $500.  Cal. Lab. Code §

22   1174.5.

23                              **SEVENTH CAUSE OF ACTION**
24               (Failure to Provide Employment Records Upon Request Code § 226(b)
                  On Behalf of Plaintiff Against Defendant Keurig Dr. Pepper, Inc.)

25   1.      Plaintiff realleges and incorporates herein by reference the allegations contained in this

26   Complaint as though fully set forth herein.

27   2.      Pursuant to Labor Code section 226(b), an employer shall afford current and former

28   employees the right to inspect or copy the records pertaining to that current or former employee, upon

                                          14

1    reasonable request to the employer.

2    3.    On February 7, 2022, Plaintiff requested that Defendant Keurig Dr. Pepper, Inc. permit

3    inspection or copying of his employment records pursuant to Labor Code section 226(b).  Defendant

4    Keurig Dr. Pepper, Inc., has failed to provide Plaintiff with an opportunity to inspect or copy their

5    employment records within 21 days of his request.  Defendant Keurig Dr. Pepper, Inc. has not produced

6    any records, at all.

7    4.    Pursuant to Labor Code Section 226(b) and (f), Plaintiff is entitled, and hereby seek to

8    recover from Defendant Keurig Dr. Pepper, Inc. a seven-hundred-fifty-dollar ($750) penalty for the

9    violation, reasonable attorney's fees, and the costs of bringing this cause of action.

10
                           **EIGHTH CAUSE OF ACTION**
11           (Failure to Provide Employment Records Upon Request Code §1198.5
              On Behalf of Plaintiff Against Defendant Keurig Dr. Pepper, Inc.)

12   5.    Plaintiff realleges and incorporates herein by reference the allegations contained in this

13   Complaint as though fully set forth herein.

14   6.    Pursuant to Labor Code section 1198.5, an employer shall afford current and former

15   employees the right to inspect or copy the personnel records pertaining to that current or former

16   employee, upon reasonable request to the employer.

17   7.    On February 7, 2022, Plaintiff requested that Defendant Keurig Dr. Pepper, Inc. permit

18   inspection or copying of their personnel records pursuant to Labor Code section 1198.5.  Defendant

19   Keurig Dr. Pepper, Inc. has failed to provide Plaintiff with an opportunity to inspect or copy the

20   employment records within 30 days of their request.

21   8.    Pursuant to Labor Code Section 1198.5(k), Plaintiff is entitled, and hereby seeks to

22   recover from Defendant Keurig Dr. Pepper, Inc. a seven-hundred-fifty-dollar ($750) penalty for the

23   violation, reasonable attorney's fees, and the costs of bringing this cause of action.

24                            **PRAYER FOR RELIEF**

25   WHEREFORE, Plaintiff prays for judgment as follows:

26   1.    For judgment of the Court, to restore to the Keurig Dr. Pepper workers any property or

27   money acquired by means of such unlawful actions and statements.

28

1   2.   That, for Failure to Pay Minimum Wages, this Court enter judgment in favor of Plaintiff

2   and Class Members against Defendants in the amount of unpaid minimum wages and liquidated

3   damages according to proof, interest thereon, and costs and reasonable attorneys' fees pursuant to

4   sections 1194 and 1194.2.

5   3.   That, for Failure to Pay Overtime, this Court enter judgment in favor of Plaintiff and

6   Class Members against Defendants in the amount of unpaid overtime and liquidated damages according

7   to proof, interest thereon, and costs and reasonable attorneys' fees pursuant to sections 1194.

8   4.   That, for Failure to Provide Compliant Wage Statements, this Court enter judgment in

9   favor of Plaintiff and Class Members against Defendants.  That judgment be entered in favor of Plaintiff

10   in an amount according to proof, and costs and reasonable attorneys' fees in accordance with the

11   provisions of California Labor Code section 226(e).

12   5.   That, for failure to pay timely wages, it be adjudged that the failure of Defendants to

13   make payment of Plaintiff's and Class Members' wages was in violation of section 204 and 210 of the

14   California Labor Code and was "willful" as that word is used in section 210 of the California Labor

15   Code, and that the Court enter judgment against Defendants in favor of Plaintiff and Class Members.

16   That judgment be entered in favor of Plaintiff and Aggrieved Employees in an amount according to law

17   and proof, interest thereon, and costs and reasonable attorneys' fees in accordance with the provisions of

18   California Labor Code section 218.5.

19   6.   That, under the Sixth Cause of Action, the Court enter judgment in favor of the State of

20   California, Plaintiff and Aggrieved Employees and against Defendants, including attorneys' fees and

21   reimbursement of costs.  That judgment be entered in an amount according to proof or as otherwise

22   plead.

23   7.   That, with respect to the Seventh Cause of Action, this Court enter judgment in favor of

24   Plaintiff against Defendant Keurig Dr. Pepper, Inc. in the amount of $750, reasonable attorney's fees,

25   and the costs of bringing this cause of action under Code Section 226(b) and (f).

26   8.   That, with respect to the Eighth Cause of Action, this Court enter judgment in favor of

27   Plaintiff against Defendant Keurig Dr. Pepper, Inc. in the amount of $750, reasonable attorney's fees,

28   and the costs of bringing this cause of action pursuant to Code Section 1198.5(k).

1    9.    For an Order certifying the requested classes.

2    10.   For an award of attorneys' fees and costs pursuant to Code of Civil Procedure Sections

3    218.5 and 1021.5.

4    11.   For costs of suit herein incurred.

5    12.   For such other and further relief as this Court deems appropriate or which is allowed for

6    in law or equity.

7

8    DATED: May 19, 2022                          HARRIS & RUBLE

9

10                                               *Alan Harris*

11                                               Alan Harris
                                                 *Attorney for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Alan Harris (SBN 146079)  Priya Mohan (SBN 228984)<br>Harris & Ruble<br>655 North Central Ave, 17th Floor<br>Glendale, CA 91203<br>TELEPHONE NO.: (323) 962-3777   FAX NO. *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff JOHN TRUJILLO | **FOR COURT USE ONLY** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME: J. Trujillo v. Motts LLP, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 22STCV16589<br>JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rule 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*:  8
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date:  May 19, 2022

Alan Harris
_____
(TYPE OR PRINT NAME)

▶ *Alan Harris*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov

# EXHIBIT 5

Electronically FILED by Superior Court of California, County of Los Angeles on 07/21/2022 05:13 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Rowe,Deputy Clerk

1  Mara D. Curtis (SBN 268869)
   Rafael N. Tumanyan (SBN 295402)
2  Brittany M. Hernandez (SBN 299044)
   REED SMITH LLP
3  355 South Grand Avenue, Suite 2900
   Los Angeles, CA  90071-1514
4  Telephone: +1 213 457 8000
   Facsimile: +1 213 457 8080
5  Email:   mcurtis@reedsmith.com
             rtumanyan@reedsmith.com
6            bmhernandez@reedsmith.com

7  Attorneys for Defendants
   KEURIG DR PEPPER INC. and
8  DR PEPPER/SEVEN UP, INC.

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10         FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

11                    SPRING STREET COURTHOUSE

12 | JOHN TRUJILLO, individually and on behalf of | Case No. 22STCV16589
   | all others similarly situated,
13 |                                              | [Assigned for all purposes to the Honorable
   |                Plaintiffs,                   | Stuart M. Rice, Department 1]
14 |
   |         v.                                   | **DEFENDANTS KEURIG DR PEPPER INC.**
15 |                                              | **AND DR PEPPER/SEVEN UP INC.'S**
   | MOTTS LLP, a Delaware limited liability      | **ANSWER TO PLAINTIFF'S UNVERIFIED**
16 | company; KEURIG DR PEPPER INC., a            | **COMPLAINT**
   | Delaware Corporation; DR PEPPER/SEVEN UP     |
17 | INC., a Delaware corporation; and DOES 1 To  |
   | 50,                                          | Complaint Filed:      May 19, 2022
18 |                                              | Trial Date:           None
   |                Defendants,
19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Defendants KEURIG DR PEPPER INC. ("KDP") and DR PEPPER/SEVEN UP, INC. ("DPSU") (collectively referred to herein as "Defendants") hereby answer Plaintiff John Trujillo's ("Plaintiff") unverified Complaint ("Complaint") as follows:

1. Pursuant to California Code of Civil Procedure Section 431.30(d), Defendants deny, generally and specifically, each and every allegation contained in Plaintiff's unverified Complaint, and deny the Complaint as a whole as it relates to Defendants. Defendants further deny, generally and specifically, that Plaintiff, any putative class member, and/or allegedly aggrieved employee has been, is, or will be injured or damaged in any amount, or is or will be entitled to any recovery or remedy of any type whatsoever, by reason of any act or omission of Defendants or by anyone acting on Defendants' behalf or at its direction.

2. Without waiving or excusing any of the burdens of proof and production of evidence as to Plaintiff, any putative class member, and/or the allegedly aggrieved employees, and without admitting that Defendants have any burden of proof, Defendants allege the following separate and distinct affirmative defenses to each of the purported causes of action set forth in the Complaint:

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. Defendants allege, based on information and belief, that the Complaint, and each cause of action for relief set forth therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2. Defendants allege, based on information and belief, that the Complaint, or portions thereof, are barred by the applicable statutes of limitation, including, but not limited to, those set forth in California Labor Code Section 203, California Code of Civil Procedure Sections 337, 338, 340 and 343, California Business and Professions Code Section 17208, and all other applicable limitations, statutes and requirements.

DEFENDANTS KEURIG DR PEPPER INC. AND DR PEPPER/SEVEN UP, INC.'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**THIRD AFFIRMATIVE DEFENSE**

(Waiver, Estoppel, Consent, Laches, Unclean Hands)

3.      Defendants allege, based on information and belief, that Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrines of waiver, estoppel, consent, unclean hands and/or laches, as a result of, without limitation, Plaintiff, the putative class members, and/or allegedly aggrieved employee's own acts and/or omissions.

**FOURTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

4.      Defendants allege, based on information and belief, that Plaintiff, the putative class members, and/or allegedly aggrieved employees have failed to mitigate, minimize, or avoid their purported damages.  Defendants further allege that, to the extent any damages could have been mitigated, minimized, or avoided, such amounts should be deducted from any award of damages.

**FIFTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences Doctrine)

5.      Defendants allege, based on information and belief, that the claims of Plaintiff, the putative class members, and/or allegedly aggrieved employees are barred, in whole or part, by the avoidable consequences doctrine.

**SIXTH AFFIRMATIVE DEFENSE**

(No Standing)

6.      Defendants allege, based on information and belief, that Plaintiff lacks standing to sue Defendants on behalf of himself, the putative class, and/or the allegedly aggrieved employees with respect to Plaintiff's Complaint or portions thereof.

**SEVENTH AFFIRMATIVE DEFENSE**

(Good Faith Defense)

7.      Defendants allege, based on information and belief, that at all times relevant to Plaintiff's Complaint, Defendants have good faith defenses, based in law and/or fact, which, if upheld, would preclude any recovery by Plaintiff, the putative class members, and/or allegedly aggrieved

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

employees based on the allegations in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

8.    Although Defendants deny that it owes any amounts to Plaintiff, the putative class members, and/or allegedly aggrieved employees, if it should be determined that amounts are owed, then Defendants allege, based on information and belief, that at all times relevant hereto a reasonable good faith dispute existed as to whether any such amounts were owed to Plaintiff, the putative class members, and/or allegedly aggrieved employees.

## NINTH AFFIRMATIVE DEFENSE

### (Unconstitutional)

9.    Defendants allege, based on information and belief, that the Complaint, or portions thereof, are barred because the applicable California Labor Code provisions and wage orders of the Industrial Welfare Commission as applied are unconstitutionally vague and ambiguous and, thus, or otherwise violate Defendant's rights under the United States and California Constitutions as to, among other things, due process of law.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Injury or Harm)

10.    Defendants allege, based on information and belief, that the purported causes of action are barred, in whole or in part, because Plaintiff, the putative class members, and/or allegedly aggrieved employees did not suffer any actual injury or harm as a result of a knowing and intentional violation or otherwise.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

11.    Defendants allege, based on information and belief, that the claims of Plaintiff, the putative class members, and/or allegedly aggrieved employees are barred to the extent that any award in this action is speculative and uncertain or would constitute unjust enrichment.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**TWELFTH AFFIRMATIVE DEFENSE**

(Multiple Recovery)

12.    Defendants allege, based on information and belief, that the claims of Plaintiff, the putative class members, and/or allegedly aggrieved employees are barred in whole or in part to the extent that Plaintiff seek multiple recovery for the same alleged wrong or wrongs.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Release)

13.    Defendants allege, based on information and belief, that the Complaint, or portions thereof, is barred because Plaintiff, the putative class members, and/or allegedly aggrieved employees have released some or all such claims alleged.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Accord and Satisfaction)

14.    Defendants allege, based on information and belief, that the purported causes of action of Plaintiff, the putative class members, and/or allegedly aggrieved employees are barred, in whole or in part, based on one or more accords and satisfactions between them and Defendants and/or releases given by Plaintiff, the putative class members, and/or allegedly aggrieved employees.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(*Res Judicata*)

15.    Defendants allege, based on information and belief, that purported claims of Plaintiff, the putative class members, and/or allegedly aggrieved employees are barred, in whole or in part, by the doctrines of *res judicata* and/or *retraxit*.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Safe Harbor)

16.    Plaintiff's claims are barred in whole or in part because of Defendants compliance with all applicable laws, statutes, and regulations, said compliance affording Defendants a safe harbor to any claim under California Business and Professions Code Section 17200, *et seq*.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Practice Not Unfair)

17.     Plaintiff's claims are barred because Defendants' business practices were not unfair within the meaning of Business and Professions Code Section 17200.  The utility and benefits of Defendants' conduct outweighed whatever alleged harm or impact it may have had on Plaintiff, the putative class members, and/or allegedly aggrieved employees.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Clerical Error or Inadvertent Mistake)

18.     Although Defendants denies that it violated, or caused to be violated, the California Labor Code or applicable Wage Orders issued by the Industrial Welfare Commission, if it should be determined that a violation occurred, then Defendants allege, upon information and belief, that the violation was due to clerical error or inadvertent mistake.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

19.     Plaintiff's claims for damages are barred because they are speculative and uncertain.

## TWENTIETH AFFIRMATIVE DEFENSE

### (*De Minimis* Time)

20.     Defendants allege, based on information and belief, that to the extent Plaintiff, the putative class members, and/or allegedly aggrieved employees were not paid for all hours worked for Defendants, such unpaid time was *de minimis* and, therefore, not compensable.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Offset)

21.     Defendants allege, based on information and belief, that certain amounts sought to be recovered in this action are subject to an offset and, therefore, are barred in whole or in part.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 6 –

DEFENDANTS KEURIG DR PEPPER INC. AND DR PEPPER/SEVEN UP, INC.'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(No Employment Relationship)

22.     Defendants did not employ Plaintiff and hence cannot be held liable for the claims alleged herein.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Failure to Exhaust Remedies Under the CBA)

23.     Defendants allege, based on information and belief, that the purported causes of action of the Complaint fall outside the jurisdiction of this Court and are therefore barred because Plaintiff, the putative class members, and/or allegedly aggrieved employees have failed to timely exhaust the administrative remedies available and procedures set forth in the collective bargaining agreement that existed at certain times relevant hereto between Defendants and the unions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Preemption)

24.     Defendants allege, based on information and belief, that the purported causes of action of the Complaint are substantially dependent upon an analysis of the provisions, terms and conditions of a collective bargaining agreement that existed at certain times relevant hereto between Defendants and the unions, and that said purported causes of action are therefore preempted by Section 301 of the Labor Management Relations Act and other applicable provisions of federal law. 29 U.S.C. §§ 185(a) and 158(a).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Arbitration Under The Collective Bargaining Agreement)

25.     Defendants allege, based on information and belief, that Plaintiff, the putative class members, and/or allegedly aggrieved employees' claims, or portions thereof, are subject to binding arbitration under the terms of the collective bargaining agreement that existed at all times relevant hereto between Defendants and the unions.

- 7 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Claims Barred by Labor Code Section 514)

26. Defendants allege, based on information and belief, that the purported causes of action are barred, in whole or in part, because Plaintiff, the putative class members, and/or allegedly aggrieved employees are exempt from Labor Code Sections 514 and other applicable provisions of law.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Unjust Penalties)

27. Defendants allege, based on information and belief, that any award of penalties would be improper as unjust, arbitrary, oppressive or confiscatory.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Penalties Unconstitutional)

28. Plaintiff's claims for civil penalties are unconstitutional under the United States and California Constitutional provisions of due process, equal protection and/or the excessive fines clauses.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Satisfy Administrative Prerequisites)

29. The Complaint, or portions thereof, fail and/or fall outside the jurisdiction of this Court in that Plaintiff has failed to satisfy the administrative and/or jurisdictional prerequisites mandated by California Labor Code Sections 2698, *et seq.*

## THIRTIETH AFFIRMATIVE DEFENSE

### (Unmanageable)

30. Plaintiff's claim under the California Private Attorneys General Act is unmanageable because, among other things, proving Plaintiff's alleged violations of the California Labor Code would require numerous individualized assessments.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(FAAAA Preemption)

31.    Defendants allege, based on information and belief, that the Complaint is barred and preempted, in whole or in part, by the provisions of the Federal Aviation Administration Authorization Act, 49 U.S.C. §§ 14501, *et seq.*

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Conflict of Laws)

32.    Defendants allege, based on information and belief, that the Complaint is barred and/or preempted, in whole or in part to the extent that Plaintiff's claims are predicated under any law or regulation which conflicts with federal regulation of hours of service, transportation, or transportation safety including but not limited to the federal Motor Carrier Act and federal Department of Transportation regulations.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(FMCSA Preemption)

33.    Defendants allege, based on information and belief, that the Complaint, or parts thereof, is barred by the regulations and decisions promulgated by the Federal Motor Carrier Safety Administration.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Federal Preemption)

34.    Defendants allege, based on information and belief, that the Complaint, or parts thereof, is barred by the Commerce Clause and/or Supremacy Clause of the United States Constitution and/or the regulations promulgated by the Federal Motor Carrier Safety Administration.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

35.    The Complaint is vague, ambiguous, indefinite and uncertain; therefore, Defendants reserve the right to amend or supplement its affirmative defenses asserted herein, and to present evidence supportive of different or additional defenses, upon ascertaining the specific nature of the

1  violations alleged.

2  ## **ADDITIONAL DEFENSES**

3        Defendants currently have insufficient information upon which to form a belief as to whether

4  it may have additional, as yet unstated, defenses beyond those listed above.  Defendants therefore

5  reserves the right to assert additional defenses as appropriate.

6        WHEREFORE, Defendants request that this Court dismiss the Complaint with prejudice; that

7  it enter judgment in Defendants' favor; and that this Court award Defendants their costs and

8  attorneys' fees incurred in defending this action and such other relief as it deems appropriate.

9

10    Dated:      July 21, 2022           REED SMITH LLP

11                    By: _____

12                       Brittany M. Hernandez

                     Attorneys for Defendants

13                       KEURIG DR PEPPER INC. and

                     DR PEPPER/SEVEN UP INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS KEURIG DR PEPPER INC. AND DR PEPPER/SEVEN UP, INC.'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**PROOF OF SERVICE**

**CASE NAME:**        **JOHN TRUJILLO v. MOTTS LLP, et al.**

**CASE NO.:**          **22STCV16589**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, 355 S. Grand Avenue, Suite 2900, Los Angeles, CA 90071.

On **July 21, 2022**, I served the following document(s) by the method indicated below: **DEFENDANTS KEURIG DR PEPPER INC. AND DR PEPPER/SEVEN UP, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☑    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

| | |
|---|---|
| ALAN HARRIS, ESQ.<br>PRIYA MOHAN, ESQ.<br>MIN JI GAL, ESQ.<br>**HARRIS & RUBLE**<br>655 N. CENTRAL AVENUE, 17th FLOOR<br>GLENDALE, CA 91203<br>PHONE:        (323) 962-3777<br>FAX:          (323) 962-3004<br>EMAIL:        harrisa@harrisandruble.com<br>              pmohan@harrisandruble.com<br>              mgal@harrisandruble.com | ATTORNEYS FOR PLAINTIFF<br>JOHN TRUJILLO |

☒    **STATE:**

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **July 21, 2022**, at Los Angeles, California.

**BRITTANY M. HERNANDEZ**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –
PROOF OF SERVICE

# EXHIBIT 6

Mara D. Curtis (SBN 268869)
Rafael N. Tumanyan (SBN 295402)
Brittany M. Hernandez (SBN 299044)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080
Email:   mcurtis@reedsmith.com
            rtumanyan@reedsmith.com
            bmhernandez@reedsmith.com

Attorneys for Defendants
KEURIG DR PEPPER INC. and
DR PEPPER/SEVEN UP, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

SPRING STREET COURTHOUSE

| | |
|---|---|
| JOHN TRUJILLO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MOTTS LLP, a Delaware limited liability company; KEURIG DR PEPPER INC., a Delaware Corporation; DR PEPPER/SEVEN UP INC., a Delaware corporation; and DOES 1 To 50,<br><br>Defendants, | Case No. 22STCV16589<br><br>[Assigned for all purposes to the Honorable Stuart M. Rice, Department 1]<br><br>**DEFENDANTS KEURIG DR PEPPER INC. AND DR PEPPER/SEVEN UP INC.'S AMENDED ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed:      May 19, 2022<br>Trial Date:             None |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    Defendants KEURIG DR PEPPER INC. ("KDP") and DR PEPPER/SEVEN UP, INC.

2    ("DPSU") (collectively referred to herein as "Defendants") hereby answer Plaintiff John Trujillo's

3    ("Plaintiff") unverified Complaint ("Complaint") as follows:

4         1.    Pursuant to California Code of Civil Procedure Section 431.30(d), Defendants deny,

5    generally and specifically, each and every allegation contained in Plaintiff's unverified Complaint,

6    and deny the Complaint as a whole as it relates to Defendants.  Defendants further deny, generally

7    and specifically, that Plaintiff, any putative class member, and/or allegedly aggrieved employee has

8    been, is, or will be injured or damaged in any amount, or is or will be entitled to any recovery or

9    remedy of any type whatsoever, by reason of any act or omission of Defendants or by anyone acting

10   on Defendants' behalf or at its direction.

11        2.    Without waiving or excusing any of the burdens of proof and production of evidence

12   as to Plaintiff, any putative class member, and/or the allegedly aggrieved employees, and without

13   admitting that Defendants have any burden of proof, Defendants allege the following separate and

14   distinct affirmative defenses to each of the purported causes of action set forth in the Complaint:

15                              **AFFIRMATIVE DEFENSES**

16                           **FIRST AFFIRMATIVE DEFENSE**

17                              (Failure to State a Claim)

18        1.    Defendants allege, based on information and belief, that the Complaint, and each cause

19   of action for relief set forth therein, fails to state a claim upon which relief may be granted.

20                         **SECOND AFFIRMATIVE DEFENSE**

21                              (Statute of Limitations)

22        2.    Defendants allege, based on information and belief, that the Complaint, or portions

23   thereof, are barred by the applicable statutes of limitation, including, but not limited to, those set forth

24   in California Labor Code Section 203, California Code of Civil Procedure Sections 337, 338, 340 and

25   343, California Business and Professions Code Section 17208, and all other applicable limitations,

26   statutes and requirements.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 2 –

**THIRD AFFIRMATIVE DEFENSE**

(Waiver, Estoppel, Consent, Laches, Unclean Hands)

3.      Defendants allege, based on information and belief, that Plaintiff's Complaint, and each purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrines of waiver, estoppel, consent, unclean hands and/or laches, as a result of, without limitation, Plaintiff, the putative class members, and/or allegedly aggrieved employee's own acts and/or omissions.

**FOURTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

4.      Defendants allege, based on information and belief, that Plaintiff, the putative class members, and/or allegedly aggrieved employees have failed to mitigate, minimize, or avoid their purported damages.  Defendants further allege that, to the extent any damages could have been mitigated, minimized, or avoided, such amounts should be deducted from any award of damages.

**FIFTH AFFIRMATIVE DEFENSE**

(Avoidable Consequences Doctrine)

5.      Defendants allege, based on information and belief, that the claims of Plaintiff, the putative class members, and/or allegedly aggrieved employees are barred, in whole or part, by the avoidable consequences doctrine.

**SIXTH AFFIRMATIVE DEFENSE**

(No Standing)

6.      Defendants allege, based on information and belief, that Plaintiff lacks standing to sue Defendants on behalf of himself, the putative class, and/or the allegedly aggrieved employees with respect to Plaintiff's Complaint or portions thereof.

**SEVENTH AFFIRMATIVE DEFENSE**

(Good Faith Defense)

7.      Defendants allege, based on information and belief, that at all times relevant to Plaintiff's Complaint, Defendants have good faith defenses, based in law and/or fact, which, if upheld, would preclude any recovery by Plaintiff, the putative class members, and/or allegedly aggrieved

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  employees based on the allegations in the Complaint.

2  **EIGHTH AFFIRMATIVE DEFENSE**

3  (Good Faith Dispute)

4  8.  Although Defendants deny that it owes any amounts to Plaintiff, the putative class

5  members, and/or allegedly aggrieved employees, if it should be determined that amounts are owed,

6  then Defendants allege, based on information and belief, that at all times relevant hereto a reasonable

7  good faith dispute existed as to whether any such amounts were owed to Plaintiff, the putative class

8  members, and/or allegedly aggrieved employees.

9  **NINTH AFFIRMATIVE DEFENSE**

10  (Unconstitutional)

11  9.  Defendants allege, based on information and belief, that the Complaint, or portions

12  thereof, are barred because the applicable California Labor Code provisions and wage orders of the

13  Industrial Welfare Commission as applied are unconstitutionally vague and ambiguous and, thus, or

14  otherwise violate Defendant's rights under the United States and California Constitutions as to, among

15  other things, due process of law.

16  **TENTH AFFIRMATIVE DEFENSE**

17  (Lack of Injury or Harm)

18  10.  Defendants allege, based on information and belief, that the purported causes of action

19  are barred, in whole or in part, because Plaintiff, the putative class members, and/or allegedly

20  aggrieved employees did not suffer any actual injury or harm as a result of a knowing and intentional

21  violation or otherwise.

22  **ELEVENTH AFFIRMATIVE DEFENSE**

23  (Unjust Enrichment)

24  11.  Defendants allege, based on information and belief, that the claims of Plaintiff, the

25  putative class members, and/or allegedly aggrieved employees are barred to the extent that any award

26  in this action is speculative and uncertain or would constitute unjust enrichment.

27

28

- 4 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## TWELFTH AFFIRMATIVE DEFENSE

### (Multiple Recovery)

12.     Defendants allege, based on information and belief, that the claims of Plaintiff, the putative class members, and/or allegedly aggrieved employees are barred in whole or in part to the extent that Plaintiff seek multiple recovery for the same alleged wrong or wrongs.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Release)

13.     Defendants allege, based on information and belief, that the Complaint, or portions thereof, is barred because Plaintiff, the putative class members, and/or allegedly aggrieved employees have released some or all such claims alleged.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

14.     Defendants allege, based on information and belief, that the purported causes of action of Plaintiff, the putative class members, and/or allegedly aggrieved employees are barred, in whole or in part, based on one or more accords and satisfactions between them and Defendants and/or releases given by Plaintiff, the putative class members, and/or allegedly aggrieved employees.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (*Res Judicata*)

15.     Defendants allege, based on information and belief, that purported claims of Plaintiff, the putative class members, and/or allegedly aggrieved employees are barred, in whole or in part, by the doctrines of *res judicata* and/or *retraxit*.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Safe Harbor)

16.     Plaintiff's claims are barred in whole or in part because of Defendants compliance with all applicable laws, statutes, and regulations, said compliance affording Defendants a safe harbor to any claim under California Business and Professions Code Section 17200, *et seq.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Practice Not Unfair)

17. Plaintiff's claims are barred because Defendants' business practices were not unfair within the meaning of Business and Professions Code Section 17200. The utility and benefits of Defendants' conduct outweighed whatever alleged harm or impact it may have had on Plaintiff, the putative class members, and/or allegedly aggrieved employees.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Clerical Error or Inadvertent Mistake)

18. Although Defendants denies that it violated, or caused to be violated, the California Labor Code or applicable Wage Orders issued by the Industrial Welfare Commission, if it should be determined that a violation occurred, then Defendants allege, upon information and belief, that the violation was due to clerical error or inadvertent mistake.

## NINETEENTH AFFIRMATIVE DEFENSE

(Speculative Damages)

19. Plaintiff's claims for damages are barred because they are speculative and uncertain.

## TWENTIETH AFFIRMATIVE DEFENSE

(*De Minimis* Time)

20. Defendants allege, based on information and belief, that to the extent Plaintiff, the putative class members, and/or allegedly aggrieved employees were not paid for all hours worked for Defendants, such unpaid time was *de minimis* and, therefore, not compensable.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Offset)

21. Defendants allege, based on information and belief, that certain amounts sought to be recovered in this action are subject to an offset and, therefore, are barred in whole or in part.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(No Employment Relationship)

22.    Defendants did not employ Plaintiff and hence cannot be held liable for the claims alleged herein.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

(Failure to Exhaust Remedies Under the CBA)

23.    Defendants allege, based on information and belief, that the purported causes of action of the Complaint fall outside the jurisdiction of this Court and are therefore barred because Plaintiff, the putative class members, and/or allegedly aggrieved employees have failed to timely exhaust the administrative remedies available and procedures set forth in the collective bargaining agreement that existed at certain times relevant hereto between Defendants and the unions.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Preemption)

24.    Defendants allege, based on information and belief, that the purported causes of action of the Complaint are substantially dependent upon an analysis of the provisions, terms and conditions of a collective bargaining agreement that existed at certain times relevant hereto between Defendants and the unions, and that said purported causes of action are therefore preempted by Section 301 of the Labor Management Relations Act and other applicable provisions of federal law. 29 U.S.C. §§ 185(a) and 158(a).

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Arbitration Under The Collective Bargaining Agreement)

25.    Defendants allege, based on information and belief, that Plaintiff, the putative class members, and/or allegedly aggrieved employees' claims, or portions thereof, are subject to binding arbitration under the terms of the collective bargaining agreement that existed at all times relevant hereto between Defendants and the unions.

– 7 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Claims Barred by Labor Code Section 514)

26.     Defendants allege, based on information and belief, that the purported causes of action are barred, in whole or in part, because Plaintiff, the putative class members, and/or allegedly aggrieved employees are exempt from Labor Code Sections 514 and other applicable provisions of law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Unjust Penalties)

27.     Defendants allege, based on information and belief, that any award of penalties would be improper as unjust, arbitrary, oppressive or confiscatory.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Penalties Unconstitutional)

28.     Plaintiff's claims for civil penalties are unconstitutional under the United States and California Constitutional provisions of due process, equal protection and/or the excessive fines clauses.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Failure to Satisfy Administrative Prerequisites)

29.     The Complaint, or portions thereof, fail and/or fall outside the jurisdiction of this Court in that Plaintiff has failed to satisfy the administrative and/or jurisdictional prerequisites mandated by California Labor Code Sections 2698, *et seq.*

### THIRTIETH AFFIRMATIVE DEFENSE

(Unmanageable)

30.     Plaintiff's claim under the California Private Attorneys General Act is unmanageable because, among other things, proving Plaintiff's alleged violations of the California Labor Code would require numerous individualized assessments.

DEFENDANTS KEURIG DR PEPPER INC. AND DR PEPPER/SEVEN UP, INC.'S
AMENDED ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (FAAAA Preemption)

31.     Defendants allege, based on information and belief, that the Complaint is barred and preempted, in whole or in part, by the provisions of the Federal Aviation Administration Authorization Act, 49 U.S.C. §§ 14501, *et seq.*

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Conflict of Laws)

32.     Defendants allege, based on information and belief, that the Complaint is barred and/or preempted, in whole or in part to the extent that Plaintiff's claims are predicated under any law or regulation which conflicts with federal regulation of hours of service, transportation, or transportation safety including but not limited to the federal Motor Carrier Act and federal Department of Transportation regulations.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (FMCSA Preemption)

33.     Defendants allege, based on information and belief, that the Complaint, or parts thereof, is barred by the regulations and decisions promulgated by the Federal Motor Carrier Safety Administration.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Federal Preemption)

34.     Defendants allege, based on information and belief, that the Complaint, or parts thereof, is barred by the Commerce Clause and/or Supremacy Clause of the United States Constitution and/or the regulations promulgated by the Federal Motor Carrier Safety Administration.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Arbitration)

35.     Defendants allege, based on information and belief, that Plaintiff, the putative class members, and/or allegedly aggrieved employees' claims, or portions thereof, are barred in whole or in part, because Plaintiff, the putative class or allegedly aggrieved employees, or certain of them, are

- 9 –

1  contractually bound to arbitrate any grievance and/or dispute pursuant to a mandatory and binding

2  arbitration agreement with Defendants and/or their employer.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

36.     The Complaint is vague, ambiguous, indefinite and uncertain; therefore, Defendants reserve the right to amend or supplement its affirmative defenses asserted herein, and to present evidence supportive of different or additional defenses, upon ascertaining the specific nature of the violations alleged.

### ADDITIONAL DEFENSES

Defendants currently have insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses beyond those listed above.  Defendants therefore reserves the right to assert additional defenses as appropriate.

WHEREFORE, Defendants request that this Court dismiss the Complaint with prejudice; that it enter judgment in Defendants' favor; and that this Court award Defendants their costs and attorneys' fees incurred in defending this action and such other relief as it deems appropriate.

Dated:      July 22, 2022                    REED SMITH LLP

By: _____
    Brittany M. Hernandez

    Attorneys for Defendants
    KEURIG DR PEPPER INC. and
    DR PEPPER/SEVEN UP INC.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 10 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

**PROOF OF SERVICE**

2  **CASE NAME:**      **JOHN TRUJILLO v. MOTTS LLP, et al.**

3  **CASE NO.:**       **22STCV16589**

4      I am a resident of the State of California, over the age of eighteen years, and not a party to the
within action.  My business address is REED SMITH LLP, 355 S. Grand Avenue, Suite 2900, Los

5  Angeles, CA 90071.

6      On **July 22, 2022**, I served the following document(s) by the method indicated below:

7  **DEFENDANTS KEURIG DR PEPPER INC. AND DR PEPPER/SEVEN UP, INC.'S
AMENDED ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

8

9  ☑   by placing the document(s) listed above in a sealed envelope with postage thereon fully
prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am

10  readily familiar with the firm's practice of collection and processing of correspondence
for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that

11  same day with postage thereon fully prepaid in the ordinary course of business.

12

13  ALAN HARRIS, ESQ.                                  ATTORNEYS FOR PLAINTIFF
PRIYA MOHAN, ESQ.                                  JOHN TRUJILLO

14  MIN JI GAL, ESQ.
**HARRIS & RUBLE**

15  655 N. CENTRAL AVENUE, 17th FLOOR
GLENDALE, CA 91203

16  PHONE:        (323) 962-3777
FAX:          (323) 962-3004

17  EMAIL:        harrisa@harrisandruble.com
pmohan@harrisandruble.com

18                mgal@harrisandruble.com

19

20  ☒   **STATE:**
I declare under penalty of perjury under the laws of the State of California that

21  the above is true and correct.

22  Executed on **July 22, 2022**, at Los Angeles, California.

23

24  **BRITTANY M. HERNANDEZ**

25

26

27

28

# EXHIBIT 7

1 | Mara D. Curtis (SBN 268869)
Rafael N. Tumanyan (SBN 295402)
2 | Brittany M. Hernandez (SBN 299044)
REED SMITH LLP
3 | 355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
4 | Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080
5 | Email:   mcurtis@reedsmith.com
             rtumanyan@reedsmith.com
6 |          bmhernandez@reedsmith.com

7 | Attorneys for Defendants MOTTS LLP,
KEURIG DR PEPPER INC. and
8 | DR PEPPER/SEVEN UP, INC.

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

11 | SPRING STREET COURTHOUSE

12 | JOHN TRUJILLO, individually and on behalf of all others similarly situated,

Case No. 22STCV16589

13 | Plaintiffs,

[Assigned for all purposes to the Honorable Stuart M. Rice, Department 1]

14 | v.

**DEFENDANT MOTTS LLP'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

15 | MOTTS LLP, a Delaware limited liability company; KEURIG DR PEPPER INC., a Delaware Corporation; DR PEPPER/SEVEN UP INC., a Delaware corporation; and DOES 1 To 50,

16 |

17 |

Complaint Filed:        May 19, 2022
Trial Date:             None

18 | Defendants,

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT MOTTS LLP'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

Defendant MOTTS LLP ("Defendant") hereby answers Plaintiff John Trujillo's ("Plaintiff") unverified Complaint ("Complaint") as follows:

1.      Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's unverified Complaint, and denies the Complaint as a whole as it relates to Defendant.  Defendant further denies, generally and specifically, that Plaintiff, any putative class member, and/or allegedly aggrieved employee has been, is, or will be injured or damaged in any amount, or is or will be entitled to any recovery or remedy of any type whatsoever, by reason of any act or omission of Defendant or by anyone acting on Defendant's behalf or at its direction.

2.      Without waiving or excusing any of the burdens of proof and production of evidence as to Plaintiff, any putative class member, and/or the allegedly aggrieved employees, and without admitting that Defendant has any burden of proof, Defendant alleges the following separate and distinct affirmative defenses to each of the purported causes of action set forth in the Complaint:

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

1.      Defendant alleges, based on information and belief, that the Complaint, and each cause of action for relief set forth therein, fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

(Statute of Limitations)

2.      Defendant alleges, based on information and belief, that the Complaint, or portions thereof, are barred by the applicable statutes of limitation, including, but not limited to, those set forth in California Labor Code Section 203, California Code of Civil Procedure Sections 337, 338, 340 and 343, California Business and Professions Code Section 17208, and all other applicable limitations, statutes and requirements.

**THIRD AFFIRMATIVE DEFENSE**

(Waiver, Estoppel, Consent, Laches, Unclean Hands)

3.      Defendant alleges, based on information and belief, that Plaintiff's Complaint, and each

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

DEFENDANT MOTTS LLP'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

purported cause of action alleged therein, is barred, in whole or in part, by the equitable doctrines of waiver, estoppel, consent, unclean hands and/or laches, as a result of, without limitation, Plaintiff, the putative class members, and/or allegedly aggrieved employee's own acts and/or omissions.

### FOURTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

4.       Defendant alleges, based on information and belief, that Plaintiff, the putative class members, and/or allegedly aggrieved employees have failed to mitigate, minimize, or avoid their purported damages.  Defendant further alleges that, to the extent any damages could have been mitigated, minimized, or avoided, such amounts should be deducted from any award of damages.

### FIFTH AFFIRMATIVE DEFENSE

#### (Avoidable Consequences Doctrine)

5.       Defendant alleges, based on information and belief, that the claims of Plaintiff, the putative class members, and/or allegedly aggrieved employees are barred, in whole or part, by the avoidable consequences doctrine.

### SIXTH AFFIRMATIVE DEFENSE

#### (No Standing)

6.       Defendant alleges, based on information and belief, that Plaintiff lacks standing to sue Defendant on behalf of himself, the putative class, and/or the allegedly aggrieved employees with respect to Plaintiff's Complaint or portions thereof.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Good Faith Defense)

7.       Defendant alleges, based on information and belief, that at all times relevant to Plaintiff's Complaint, Defendant has good faith defenses, based in law and/or fact, which, if upheld, would preclude any recovery by Plaintiff, the putative class members, and/or allegedly aggrieved employees based on the allegations in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Good Faith Dispute)

8.       Although Defendant denies that it owes any amounts to Plaintiff, the putative class

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT MOTTS LLP'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1   members, and/or allegedly aggrieved employees, if it should be determined that amounts are owed,

2   then Defendant alleges, based on information and belief, that at all times relevant hereto a reasonable

3   good faith dispute existed as to whether any such amounts were owed to Plaintiff, the putative class

4   members, and/or allegedly aggrieved employees.

5   <u>**NINTH AFFIRMATIVE DEFENSE**</u>

6   (Unconstitutional)

7   9.   Defendant alleges, based on information and belief, that the Complaint, or portions

8   thereof, are barred because the applicable California Labor Code provisions and wage orders of the

9   Industrial Welfare Commission as applied are unconstitutionally vague and ambiguous and, thus, or

10   otherwise violate Defendant's rights under the United States and California Constitutions as to, among

11   other things, due process of law.

12   <u>**TENTH AFFIRMATIVE DEFENSE**</u>

13   (Lack of Injury or Harm)

14   10.   Defendant alleges, based on information and belief, that the purported causes of action

15   are barred, in whole or in part, because Plaintiff, the putative class members, and/or allegedly

16   aggrieved employees did not suffer any actual injury or harm as a result of a knowing and intentional

17   violation or otherwise.

18   <u>**ELEVENTH AFFIRMATIVE DEFENSE**</u>

19   (Unjust Enrichment)

20   11.   Defendant alleges, based on information and belief, that the claims of Plaintiff, the

21   putative class members, and/or allegedly aggrieved employees are barred to the extent that any award

22   in this action is speculative and uncertain or would constitute unjust enrichment.

23   <u>**TWELFTH AFFIRMATIVE DEFENSE**</u>

24   (Multiple Recovery)

25   12.   Defendant alleges, based on information and belief, that the claims of Plaintiff, the

26   putative class members, and/or allegedly aggrieved employees are barred in whole or in part to the

27   extent that Plaintiff seek multiple recovery for the same alleged wrong or wrongs.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Release)

13.     Defendant alleges, based on information and belief, that the Complaint, or portions thereof, is barred because Plaintiff, the putative class members, and/or allegedly aggrieved employees have released some or all such claims alleged.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Accord and Satisfaction)

14.     Defendant alleges, based on information and belief, that the purported causes of action of Plaintiff, the putative class members, and/or allegedly aggrieved employees are barred, in whole or in part, based on one or more accords and satisfactions between them and Defendant and/or releases given by Plaintiff, the putative class members, and/or allegedly aggrieved employees.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(*Res Judicata*)

15.     Defendant alleges, based on information and belief, that purported claims of Plaintiff, the putative class members, and/or allegedly aggrieved employees are barred, in whole or in part, by the doctrines of *res judicata* and/or *retraxit*.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Safe Harbor)

16.     Plaintiff's claims are barred in whole or in part because of Defendant's compliance with all applicable laws, statutes, and regulations, said compliance affording Defendant a safe harbor to any claim under California Business and Professions Code Section 17200, *et seq.*

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Practice Not Unfair)

17.     Plaintiff's claims are barred because Defendant's business practices were not unfair within the meaning of Business and Professions Code Section 17200.  The utility and benefits of Defendant's conduct outweighed whatever alleged harm or impact it may have had on Plaintiff, the putative class members, and/or allegedly aggrieved employees.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT MOTTS LLP'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

## EIGHTEENTH AFFIRMATIVE DEFENSE

2

(Clerical Error or Inadvertent Mistake)

3     18.     Although Defendant denies that it violated, or caused to be violated, the California

4   Labor Code or applicable Wage Orders issued by the Industrial Welfare Commission, if it should be

5   determined that a violation occurred, then Defendant alleges, upon information and belief, that the

6   violation was due to clerical error or inadvertent mistake.

7

## NINETEENTH AFFIRMATIVE DEFENSE

8

(Speculative Damages)

9     19.     Plaintiff's claims for damages are barred because they are speculative and uncertain.

10

## TWENTIETH AFFIRMATIVE DEFENSE

11

(*De Minimis* Time)

12     20.     Defendant alleges, based on information and belief, that to the extent Plaintiff, the

13   putative class members, and/or allegedly aggrieved employees were not paid for all hours worked

14   for Defendant, such unpaid time was *de minimis* and, therefore, not compensable.

15

## TWENTY-FIRST AFFIRMATIVE DEFENSE

16

(Offset)

17     21.     Defendant alleges, based on information and belief, that certain amounts sought to be

18   recovered in this action are subject to an offset and, therefore, are barred in whole or in part.

19

## TWENTY-SECOND AFFIRMATIVE DEFENSE

20

(Failure to Exhaust Remedies Under the CBA)

21     22.     Defendant alleges, based on information and belief, that the purported causes of

22   action of the Complaint fall outside the jurisdiction of this Court and are therefore barred because

23   Plaintiff, the putative class members, and/or allegedly aggrieved employees have failed to timely

24   exhaust the administrative remedies available and procedures set forth in the collective bargaining

25   agreement that existed at certain times relevant hereto between Defendant and the unions.

26

## TWENTY-THIRD AFFIRMATIVE DEFENSE

27

(Preemption)

28     23.     Defendant alleges, based on information and belief, that the purported causes of

action of the Complaint are substantially dependent upon an analysis of the provisions, terms and conditions of a collective bargaining agreement that existed at certain times relevant hereto between Defendant and the unions, and that said purported causes of action are therefore preempted by Section 301 of the Labor Management Relations Act and other applicable provisions of federal law. 29 U.S.C. §§ 185(a) and 158(a).

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

(Arbitration Under The Collective Bargaining Agreement)

24.     Defendant alleges, based on information and belief, that Plaintiff, the putative class members, and/or allegedly aggrieved employees' claims, or portions thereof, are subject to binding arbitration under the terms of the collective bargaining agreement that existed at all times relevant hereto between Defendant and the unions.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Claims Barred by Labor Code Section 514)

25.     Defendant alleges, based on information and belief, that the purported causes of action are barred, in whole or in part, because Plaintiff, the putative class members, and/or allegedly aggrieved employees are exempt from Labor Code Sections 514 and other applicable provisions of law.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(Unjust Penalties)

26.     Defendant alleges, based on information and belief, that any award of penalties would be improper as unjust, arbitrary, oppressive or confiscatory.

**TWENTY- SEVENTH AFFIRMATIVE DEFENSE**

(Penalties Unconstitutional)

27.     Plaintiff's claims for civil penalties are unconstitutional under the United States and California Constitutional provisions of due process, equal protection and/or the excessive fines clauses.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**TWENTY- EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Satisfy Administrative Prerequisites)

28.     The Complaint, or portions thereof, fail and/or fall outside the jurisdiction of this Court in that Plaintiff has failed to satisfy the administrative and/or jurisdictional prerequisites mandated by California Labor Code Sections 2698, *et seq.*

**TWENTY- NINTH AFFIRMATIVE DEFENSE**

(Unmanageable)

29.     Plaintiff's claim under the California Private Attorneys General Act is unmanageable because, among other things, proving Plaintiff's alleged violations of the California Labor Code would require numerous individualized assessments.

**THIRTIETH AFFIRMATIVE DEFENSE**

(FAAAA Preemption)

30.     Defendant alleges, based on information and belief, that the Complaint is barred and preempted, in whole or in part, by the provisions of the Federal Aviation Administration Authorization Act, 49 U.S.C. §§ 14501, *et seq.*

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Conflict of Laws)

31.     Defendant alleges, based on information and belief, that the Complaint is barred and/or preempted, in whole or in part to the extent that Plaintiff's claims are predicated under any law or regulation which conflicts with federal regulation of hours of service, transportation, or transportation safety including but not limited to the federal Motor Carrier Act and federal Department of Transportation regulations.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(FMCSA Preemption)

32.     Defendant alleges, based on information and belief, that the Complaint, or parts thereof, is barred by the regulations and decisions promulgated by the Federal Motor Carrier Safety Administration.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Federal Preemption)

33.     Defendant alleges, based on information and belief, that the Complaint, or parts thereof, is barred by the Commerce Clause and/or Supremacy Clause of the United States Constitution and/or the regulations promulgated by the Federal Motor Carrier Safety Administration.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Arbitration)

34.     Defendant alleges, based on information and belief, that Plaintiff, the putative class members, and/or allegedly aggrieved employees' claims, or portions thereof, are barred in whole or in part, because Plaintiff, the putative class or allegedly aggrieved employees, or certain of them, are contractually bound to arbitrate any grievance and/or dispute pursuant to a mandatory and binding arbitration agreement with Defendant and/or their employer.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

35.     The Complaint is vague, ambiguous, indefinite and uncertain; therefore, Defendant reserves the right to amend or supplement its affirmative defenses asserted herein, and to present evidence supportive of different or additional defenses, upon ascertaining the specific nature of the violations alleged.

## ADDITIONAL DEFENSES

Defendant currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses beyond those listed above.  Defendant therefore reserves the right to assert additional defenses as appropriate.

/ / /

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT MOTTS LLP'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1     WHEREFORE, Defendant requests that this Court dismiss the Complaint with prejudice; that

2   it enter judgment in Defendant's favor; and that this Court award Defendant its costs and attorneys'

3   fees incurred in defending this action and such other relief as it deems appropriate.

4

5   Dated:        July 22, 2022                REED SMITH LLP

6                                       By:  _____

7                                            Brittany M. Hernandez

8                                            Attorneys for Defendants MOTTS LLP,
                                             KEURIG DR PEPPER INC. and
                                             DR PEPPER/SEVEN UP INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

- 10 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

## PROOF OF SERVICE

2  **CASE NAME:**          **JOHN TRUJILLO v. MOTTS LLP, et al.**

3  **CASE NO.:**           **22STCV16589**

4      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is REED SMITH LLP, 355 S. Grand Avenue, Suite 2900, Los Angeles, CA 90071.

5

6      On **July 22, 2022**, I served the following document(s) by the method indicated below: **DEFENDANT MOTTS LLP'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

7

8

☑      by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing of correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

9

10

11

12  ALAN HARRIS, ESQ.                ATTORNEYS FOR PLAINTIFF
    PRIYA MOHAN, ESQ.                JOHN TRUJILLO

13  MIN JI GAL, ESQ.
    **HARRIS & RUBLE**

14  655 N. CENTRAL AVENUE, 17th FLOOR

15  GLENDALE, CA 91203
    PHONE:          (323) 962-3777

16  FAX:            (323) 962-3004
    EMAIL:          harrisa@harrisandruble.com

17                  pmohan@harrisandruble.com
                    mgal@harrisandruble.com

18

19  ☒      **STATE:**

20      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

21      Executed on **July 22, 2022**, at Los Angeles, California.

22

23      **BRITTANY M. HERNANDEZ**

24

25

26

27

28

– 1 –
PROOF OF SERVICE